ALOYSIUS JOSEPH ELBERTS, Appellee, v. JOSEPHINE ANNA MARIE ELBERTS, et al., Appellants.

Wills: CONSTRUCTION: REPUGNANCY. A will should be so construed as to
1 carry out the intent of the testator as expressed therein, and if possible give effect to all its provisions; but where a subsequent provision is so repugnant to a prior one creating an unlimited estate that to give it effect would destroy the manifest purpose expressed in the first provision, the latter provision is void; however, a subsequent provision simply limiting the enjoyment or control of the estate previously granted for a limited time is valid. Thus where the testator gave his real property in fee to his children, but later provided that it should be kept intact and the estate unsettled until the youngest child became of age, or in case of his death until a certain date, and gave the executors full charge of the property, with directions to distribute the rents and profits among the children, this latter provision was not a limitation upon the estate granted but was consistent therewith and valid.

Same: PARTITION. Where a testator devised his real property in fee
2 to his children, but provided that it should not be sold or partitioned before a certain date, an action by part of the children to partition the property before that date cannot be maintained, over the objection of the remaining children.

*Appeal from Sioux District Court.*—HON. DAVID MOULD, Judge.

SATURDAY, APRIL 12, 1913.

ACTION for partition of real estate. Defendant's demurrer to petition overruled. Defendants appeal.—*Reversed.*

*W. C. Leonard* and *Gerrit Klay,* for appellants.

*Van Oosterhout & Hospers,* for appellee.

GAYNOR, J.—It appears from the record in this cause that on the 23d day of April, 1909, Joseph Elberts died seised in fee of the following described real estate: N. W. ¼ and the N. ½ of the S. W. ¼ of section 21, township 97, range 47, in Sioux county, Iowa. That at the time of his death he left surviving him three children, Aloysius Joseph Elberts, Josephine Anna Marie Elberts, and Ludwig Joseph Johannes Elberts. That he left a will, the material portions of which are as follows:

Par. 3. I give, and devise to my said three children, the following real estate, to wit (being the real estate hereinbefore described) ; to be divided equally between them, share and share alike, they to have and to hold the aforesaid real estate to themselves and to their heirs and assigns forever.

Par. 4. I give, bequeath and devise all the rest and residue and remainder of my personal estate, or real property, wherever situated or located, to my said three children, to be equally divided between them, share and share alike.

Par. 5. I hereby direct and order that my farm, on which I am now living, being the real estate hereinbefore described, and bequeath, to be held intact and not disposed of, sold or divided until my youngest son becomes of the age of twenty-one years, or in case of his death before that age, said farm shall be kept intact, unsold and undivided, until October 7, 1919.

And I hereby direct and order that my estate be not finally closed until the 7th day of October, 1919, and that my executors have full charge of my said real estate, renting the same, collecting the rents, paying the taxes, etc., giving to my said executors exclusive jurisdiction to fully and completely manage said real estate, until October of the year 1919, the same as I would if I were still living, and I hereby direct that my said executors, after paying the necessary expenses and charges in caring for said farm, to divide the net proceeds each year equally between my said three children. However, I direct my executors to maintain a home on the said farm for my children, by hiring a housekeeper, or otherwise, for them, if the same can be done to the best interests of my said children. Otherwise to manage, rent or

so handle the said farm as will be for the best interest of my estate and my children.

I hereby nominate E. C. Suter and E. E. Coyer executors of this will.

Said will was duly probated, and the executors so nominated were by the court duly appointed executors of the will, and qualified and entered upon the discharge of their duties, as such, under the will.

On the 21st day of December, 1911, this action was commenced by Aloysius Joseph Elberts, one of the devisees in the will against the other devisees and the executors so appointed by the court, asking partition of the real estate so devised, and that, if it cannot be equitably divided, the same be sold and the proceeds divided. To the petition of the plaintiff a demurrer was interposed by the defendants on the ground that it affrmatively appears that the plaintiff is not entitled to the relief demanded. This demurrer was by the court overruled, and from this ruling the case comes on appeal to this court.

A proper determination of this case and the controversy arising herein involves a construction of the will hereinbefore set out and a determination of the effect of the will on the rights of the parties in and to the real estate therein devised, as the same existed at the time this action was commenced. The first duty, therefore, is to determine, from the terms of the will itself, the intent of the testator and to carry the same into effect, unless, under well-recognized canons of construction, there be some insuperable objection thereto.

The will should be construed as a whole, and if possible, effect be given to each and every provision thereof, and to avoid, if possible, any construction or inter-

1. WILLS: construction: repugnancy. pretation which would defeat the manifest purpose and intent of the testator, as expressed in the will.

This all courts endeavor to do, but there are, however, some fundamental rules of construction so well settled and

so long recognized that, applying them to the language of
the will, it sometimes becomes impossible for the court to
recognize and enforce all the provisions of the will, and
this is especially true when the same are indefinite, uncer-
tain, or repugnant to other parts of the will, and if enforced
destroy or render ineffectual the first clearly expressed in-
tent and purpose of the testator, made, apparently, without
limitation and without a thought or purpose of limitation.
When this appears, the courts, having regard for the recog-
nized canons of construction, have held these subsequent pro-
visions to be repugnant to the other and void. Where the
testator, in the first clauses of his will, devises a fee to a cer-
tain person in language unmistakable and unequivocal, in
terms that suggest no limitation upon the grant, and in a
subsequent portion of his will makes provision inconsistent
with the first grant, which, if enforced, destroys the mani-
fest purpose expressed in the first provision, the second pro-
vision has been held void for repugnancy. See *Alden v.
Johnson,* 63 Iowa, 127; *Rona v. Meier,* 47 Iowa, 607; *Williams
v. Allison,* 33 Iowa 278; *Halliday v. Stickler,* 78 Iowa, 388;
*Killmer v. Wuchner,* 74 Iowa, 359; *Pellizzarro v. Reppert,*
83 Iowa, 497.

It has, however, been held, and is the settled law and
policy of this state, that even though the grant or devise be
in fee, and although, in the clause making the grant, there
is no limitation, yet, when a subsequent limitation does not
destroy the grant or affect the title passing under the grant,
conditions may be imposed upon the estate granted which
limit only the enjoyment of the thing granted, or the right to
control or enjoy it, for a limited period. We come now to
the real controversy in this case.

Third paragraph of the will, hereinbefore set out, gives
to the children of the testator a fee-simple title to the land
devised. Paragraph 4 confirms that title in them. The ques-
tion is, Is paragraph 5 such a limitation upon the grant
made in the third and fourth paragraphs of the will that

the same is repugnant thereto, so inconsistent therewith that it ought to be held void, or is it so indefinite and uncertain that it cannot be determined therefrom what the intent and purpose of the testator was in making the devise as expressed in the third and fourth paragraphs of the will, so that the court, taking the whole will and seeking for and endeavoring to find therefrom what the purpose and intent of the testator was, is unable to do so. It comes within the common knowledge of all men in the making of a will, devising property, the title to which cannot and does not pass until the testator has gone out from the control and supervision, not only of the thing devised, but of the objects of his bounty, that there appears to him, at the time, satisfactory reasons why the thing should not pass into the absolute control and management of the devisee immediately upon his death, but should be held from, but for him, for a certain definite time, with the control and management of it in the hands of a designated person or persons, and yet it may be his expressed purpose and intent at the time to give to the object of his bounty the unqualified legal title to the same.

The clearly expressed intent and purpose of this testator was to give to his children the fee title to the land devised. It was just as clearly his intent and purpose, and just as clearly expressed in the will, that the physical control of the thing devised should not pass into their hands until the year 1919; that the physical control of the property devised during the intervening period should be in the hands of the executors named by him in his will, his children receiving only the beneficial interest arising from the thing devised until that time. This provision is not a limitation upon the fee, is not repugnant to the provisions of the will granting the fee, and is not in any way inconsistent with the passing of the title granted to the objects of his care. See *Iiames v. Neidt,* 101 Iowa, 348; *Jordan v. Woodin,* 93 Iowa, 453; *Wheeler v. Long,* 128 Iowa, 643, and cases therein cited; *Smith v. Bell,* 31 U. S. (6 Pet.) 68 (8 L. Ed. 322).

In the case before us it was clearly the intent of the testator to devise to his children the fee in the land described in the will. It was just as clearly his intention, and just as clearly expressed, that the physical control of the property until 1919 should be and remain in his executor. This intention cannot be defeated nor ignored without expunging or rendering totally inoperative this fifth clause of the will.

It is said in many cases the intention of the testator is the polar star to guide us in the construction of wills. See *Matter of James,* 146 N. Y. 100 (40 N. E. 876, 48 Am. St. Rep. 774), and cases cited.

The plaintiff in this suit, having taken under the will and basing all his rights on the provisions of the will, is bound by every provision thereof. The clear intention of the testator, as expressed in the will, determines his right to the possession of the physical property until the expiration of the time fixed in the will. A partition of the property, such as is sought in this case, would have the effect of rendering ineffectual and nugatory the fifth clause hereinbefore referred to. A partition, as sought by this defendant, involves a sale of the entire property devised, and a distribution of the proceeds among the heirs, and would thus be a clear violation of the fifth clause.

2. SAME: partition.

It may be argued in this case, with much apparent reason, that as the third and fourth clauses of the will give to the devisees the full and absolute legal title to the property, and the fifth clause gives to them the full beneficial interest therein, there is no occasion for the intervention of a trustee; that there is no good reason apparent why the court should continue a trust in the executors. But who knows? Does this court? The testator knew his children; it was his property; he made the limitation, no doubt with reason and judgment. Many reasons may have been present with him, at the time, that influenced his judgment. He had a right to determine who would be the objects of his bounty. So he had a right to determine how and in what way they should receive and

enjoy the subject of his bounty. It is true that the devisees under this will have the right, each for himself, to convey his interest in the property and assign, if he elects so to do, all his right to the beneficial interest in the property, to wit, the rents and profits. But can he, by proceeding such as this, force the other devisees to do so in contravention of the will? They are here objecting. They have a right to respect the father's will, and cannot be forced into a disregard of the same.

We think, therefore, that the plaintiff's action for partition ought not to be allowed, and the court erred in overruling defendant's demurrer to plaintiff's petition, and the cause is therefore *Reversed*.