IN RE GUARDIANSHIP OF EDWARD MCCAULEY.

No. 40631.

APRIL 10, 1931.

REHEARING DENIED OCTOBER 31, 1931.

Turner & Turner, for appellant.

G. C. Wyland, for appellees.

Evans, J.—Michael Austin died testate in 1920 survived by four children and one grandson, for all of whom beneficial provisions were made in his will as follows:

"I, Michael Austin, hereby make and declare this instrument to be my last will and testament revoking all former wills by me made.

"1. I direct my executor to pay all my just debts.

"II. I give and devise in equal parts, share and share alike, all of my property, both real and personal; that is to say one-fifth each to my children Mary Sherlock, John Austin, Jennie Wise and Ella Jamison and my grandson Edward McCauley. The share bequeathed to my grandson Edward McCauley, I direct to be paid to the Citizens Savings Bank, after the property is sold as trustee for my grandson, they to spend so much of the income thereof as necessary for his proper care and support and in the event that he should die without issue, any residue thereof to be paid to my four children or their legal heirs, if any of them be dead, share and share alike. But if he die leaving issue, then such residue shall be turned over to his heirs.

"III. I direct that my son John Austin shall wind up our partnership as soon as convenient and after paying all debts of said partnership turn over to my executor one-half of net proceeds and retain the other half himself. I also direct that he shall sell all of said partnership property including the forty acres of land purchased from Mrs. Woods and now standing in my name and I now assume liability for one-half of all claims against said partnership including the notes signed by John Austin payable to the Citizens Savings Bank of Avoca, Iowa.

"IV. I nominate my son John Austin to act as executor of this my last will and testament.

"In witness whereof I have hereunto set my signature on this my last will and testament consisting of one sheet of paper at Avoca, Iowa, this the 7th day of May, 1920."

The grandson of the testator, Edward McCauley, was at all times throughout his life a person of unsound mind.

It will be noted that the will above set forth purported to create a trust in his favor and to devote to the purposes of the trust a fund equal to one-fifth of the testator's property. By his will the testator directed the fund thus devoted to be paid

to the trustee named therein for the purposes of the trust. The duty cast upon the trustee by the terms of the will was that it should expend therefrom such amount as should be necessary for the proper care and support of the ward; and that upon the death of the ward the remnant of the fund should be paid to the issue of the ward, if any; and if none then to the living heirs of the testator. In March 1930 Edward McCauley died, leaving no issue. The trustee reported in its hands a balance of about $1300 and proposed to pay the same to the heirs of the testator pursuant to the terms of the will. The administrator of Edward McCauley presented his objections to such course. These objections were in the form of an affirmative pleading wherein the administrator set forth the will of the testator, Michael Austin. He averred that by proper construction of such will one-fifth of his net estate was devised absolutely and in fee simple, to Edward McCauley. The sole issue tendered by his pleading was the proper construction of the will of Michael Austin. The prayer of the administrator's pleading was as follows:

"Wherefore this administrator prays that it be found and ordered by the court that the money referred to by said guardian in his said report was the property of the said Edward A. McCauley at the time of his death and that it now be paid to this administrator as property of the estate of the said Edward A. McCauley, deceased, and that it be found and ordered by the court that the said John Austin, Mary Sherlock, Jennie Wise and Ella Jamison have no right, title or interest therein and that the court make such other and further order as it may deem proper and right in the premises."

The trustee demurred to the pleading of the administrator on the ground that the administrator's pleading did not present a proper construction of the will. The district court adopted the construction contended for by the trustee and sustained the demurrer accordingly.

The only claim urged here by the appellant, administrator, is that the first sentence in the will of Michael Austin conferred upon Edward McCauley an absolute and indefeasible title in fee simple to one-fifth of his estate, and that therefore the subsequent provisions in the will purporting to put a limitation upon his estate created a repugnancy and were for that reason

wholly void. The trial court held that the provisions of the will were not repugnant and that all provisions thereof could be, and should be, given full effect in order to effectuate the intentions of the testator. This indicates the general character of the question presented for our consideration.

Appellant's first contention in argument is that the first sentence in the will, if standing alone, would under our settled rules of interpretation, confer upon Edward McCauley an absolute title in fee simple of one-fifth of the estate. The appropriate answer to this contention is that such first sentence did not stand alone.

The appellant places reliance upon our holding in Bradford v. Martin, 199 Iowa 250, as authority in support of his contention. In that case paragraph 2 of the will provided in terms as follows:

" 'I give all my property, both personal and real estate, of which I may die possessed, of whatsoever the same may consist, and wheresoever situated, to my wife, Mary Ann Bradford, *absolutely* * * *.' "

By paragraph 3 it was provided:

" '*It is my wish* that at the death of my wife, Mary Ann Bradford, that after all her just debts have been paid, what is then left shall be divided as follows * * *.' "

We held that paragraph 2 purported in terms to make *absolute* disposition of the property; that paragraph 3 was precatory only; that even if it had been directory or mandatory it would be repugnant to the *absolute* devise made in terms in paragraph 2.

The case has no appropriate application to the case at bar. In the case before us the gift stated in paragraph 1, did not purport to be absolute. Though the property to be taken was described the *estate* of the taker was not defined. The estate of the taker was therefore definable by other provisions of the will. Such has been our invariable holding. Brief references may be made to some of our cases. We had the question before us in Iowa City State Bank v. Pritchard, 199 Iowa 676. In that case the first sentence of the bequest was as follows:

" 'I also will and bequeath to my said wife all my house-

hold and kitchen furniture of every kind and description, bedsteads, bedding, pictures, engravings, oil paintings, photographs, albums, and all books and magazines, bound and unbound, in my possession at the date of my death. * * *' ' '

Subsequent provision of the will limited the gift to a life estate. It was claimed by the appellant in that case that the subsequent provisions were repugnant to the first. We said:

"It is also settled that, where no particular estate in property is in terms given, although the words used, if standing alone, would be construed as the gift of the entire estate, or an estate in fee, yet, by giving effect to other parts of the will, it may be determined that the testator intended to give but a life estate, and the bequest will be so construed. Canaday v. Baysinger, supra; Hiller v. Herrick, 189 Iowa 668; Boekemier v. Boekemier, 157 Iowa 372."

For other cases on the subject see Canaday v. Baysinger, 170 Iowa 414; Hiller v. Herrick, 189 Iowa 668; Boekemier v. Boekemier, 157 Iowa 372; Dickerson v. Morse, 200 Iowa 115, 119; Williamson v. Youngs, 200 Iowa 672, 675.

Upon an examination of this will the manifest intention of the testator is clearly expressed therein. He intended to create a trust and to devote certain funds thereto. His intention was that such trust was to be primarily for the benefit of his imbecile grandson; that no dominion thereof should pass to the grandson; that such dominion should be exercised by the trustee; that the trust should terminate with the death of the grandson and upon the payment of the remnant of the fund by the trustee to the persons named in the will; that no power of disposal should vest in the grandson at any time or upon any contingency; that all rights and benefits conferred upon the grandson should be terminable at his death.

The district court properly so held, and his order is—Affirmed.

FAVILLE, C. J., and MORLING, KINDIG, and GRIMM, JJ., concur.