In the Matter of the Construction of the Will of LILLY KORDES, Deceased.

Surrogate's Court, Queens County, July 2, 1948.

*William L. Schrauth* for Frederick Kane, petitioner.

SAVARESE, S.   This is a proceeding to construe a will to determine whether certain jewelry was specifically bequeathed or whether it forms part of the residuary estate.   The jewelry consists of two diamond earrings, a diamond brooch, two diamond rings, and a diamond bracelet, collectively valued at between $1,000 and $1,500.   Paragraph twenty-eighth of the will reads as follows: " I give and bequeath to my executors all the household effects and all my personal effects contained in my home at Hollis, N. Y., and it is my wish that they distribute them according to a certain memorandum which I shall leave. If this memorandum does not dispose of all my said household and personal effects, or I leave no memorandum, I desire my executors to distribute what remains among my relatives and friends as in their discretion shall seem most just and equitable. But it is my wish that there be no private or public auction or sale of any of my personal and household effects, and it is further my wish that if my executors cannot for any reason dispose of any of such effects, that they give the same to the Salvation Army."

The words " personal effects " when used in a will have no fixed meaning.   It is always a question of the intention of the testator so ascertained from the particular setting in which the phrase appears and the general tenor of the will.   Where it is employed as a general description following an enumeration of

various types of personalty, it is usually held to include only things *ejusdem generis* with the particular items mentioned. (*Matter of Robinson,* 203 N. Y. 380; *Matter of Steimes,* 150 Misc. 279; *Matter of Horner,* N. Y. L. J., June 11, 1948, p. 2215, col. 6.) On the other hand, it is capable of signifying a broad group of articles generally associated with the physical person of the testator or even all the personal property owned by him. (*Neiheisel v. Toerge,* 4 Redf. 328, 340; *Matter of Loeb,* 155 Misc. 863, 865; *Matter of Gault,* 48 N. Y. S. 2d 928.)

As there is no enumeration of specific kinds of personal property which might modify and limit the bequest of " all my personal effects " the doctrine of *ejusdem generis* is inapplicable to this case. The jewels here in question are all articles of personal adornment. They are " personal effects " in the narrow sense of things worn or used in connection with the physical person of the testatrix. The care taken by the testatrix in outlining the procedure to be followed in connection with the disposition of her " personal effects " leads me to believe that she had these valuables in mind when she inserted the twenty-eighth paragraph in her will. It is, therefore, held that the jewelry was bequeathed by said paragraph.

Submit decree construing the will accordingly.