In the Matter of the Estate of Bertha Gano, Deceased.

Surrogate's Court, Monroe County, June 12, 1952.

*Casper L. Solomon,* as executor of Bertha Gano, deceased, petitioner in person.

*John H. Berman* for Eleanor G. Rogalsky, respondent.

WITMER, S. In this discovery proceeding the executor seeks a decree requiring respondent, Eleanor Gano Rogalsky, the only child of the testatrix, to turn over to him the proceeds of certain furniture and household effects of the testatrix, and also to turn over certain liquors, and half of a stamp collection. It appears that respondent's father, D. Curtis Gano, predeceased the testatrix. By his will, aside from special bequests, he bequeathed half of his estate to his wife, the testatrix, and the other half to respondent, and he named his wife executrix. The estate of D. Curtis Gano was not settled when testatrix died, and no disposition had then been made of the testator's stamp collection, liquors, or furniture and household effects. They were still in the family dwelling.

By her will the testatrix provided in paragraph " SECOND " as follows: " I give and bequeath to my daughter Eleanor Gano Rogalsky such items of furniture and household effects that she may desire. After, my daughter has selected those items she wants, then, I give and bequeath to my niece, Ruth Turner from the balance if any, such items as she may desire. If there is anything left, then I direct my executor to sell or dispose of same, as he may see fit."

The testatrix gave the residue of her estate to her executor in trust for her daughter, the respondent, to pay the income to her for life and such part of the principal " as circumstances may require in the absolute discretion and judgment of my executor and trustee ", with payment of one third of the corpus of the fund to her at fifty years of age, a like amount at sixty years of age and the balance at sixty-five years of age, and testatrix made provisions for particular payments to respondent's issue at respondent's death and for other disposition in the event respondent should die without issue.

After testatrix' death respondent exercised her assumed right under paragraph " SECOND " above quoted by stating to the executor that she desired all of the furniture and household effects, and took control of them in her mother's house. Immediately thereafter, however, without removing or retaining any of the items of furniture or household effects for her personal use, excepting the stamp collection and liquors, she conducted an auction sale of them at the house, from which was realized the sum of $1,923.04 after payment of expenses of the sale.

The executor contends that respondent demonstrated by her acts that she did not " desire " any of the furniture and household effects; that she has not " selected " any of such items;

and that since the niece, Ruth Turner, made no claim to them, the terms of the will require that the proceeds of that part of the furniture and household effects which belonged to the testatrix be placed in the residue of the estate.

The executor asserts, and it is not disputed, that on the death of D. Curtis Gano household goods and family books to the value of $1,050 were exempt to his widow, the testatrix. He claims such amounts from the proceeds of the sale conducted by respondent and also, under the will of D. Curtis Gano, half of the balance of the proceeds, or the sum of $436.52, making the total sum of $1,486.52 which he demands. He acknowledges that the balance of $436.52 belongs to respondent as legatee under the will of her father. He also acknowledges that respondent is entitled to the proceeds of the sale of a harp belonging to her, which proceeds are not included in the foregoing figures.

There is no evidence as to how much of the furniture and household effects belonged to testatrix individually just prior to the death of her husband, D. Curtis Gano, but the executor is taking the position most favorable to respondent, to wit, that her father owned it all, and that respondent obtained a half interest therein upon his death, subject to testatrix' exemption rights. Neither is there any evidence that any items of furniture and household effects of D. Curtis Gano, deceased, were ever set off to testatrix. Nonetheless, she had such exemption rights; it is not shown that they were released; and by respondent's selecting all of the furniture and household effects before the question of ownership was determined she must be held to have sold such goods subject to the exemption rights.

I think it is clear that by paragraph " Second " of her will the testatrix wanted respondent to have any and all the items of her furniture and household effects which respondent desired to keep and which she should select with intent to keep. The fact that she gave her niece second choice in making selection and directed her executor to dispose of all unselected items shows that she did not intend that respondent should take all of such property, liquidate it and keep the proceeds. Moreover, the plan of testatrix' will is to keep the principal from the control of respondent. Respondent has violated the spirit of the will in this respect. Furthermore, it is the executor's duty to place such proceeds in the residue, which is to be held for the use of respondent, and in certain events is to be paid to other persons.

The stamp collection was originally the property of D. Curtis Gano, except for one book which it is acknowledged was given by him to respondent in his lifetime. Upon his death half of this stamp collection became the property of the respondent and the other half the property of the testatrix. Petitioner is entitled to the latter half of the stamp collection unless respondent has become entitled to it under paragraph " SECOND " of testatrix' will above quoted. Said paragraph gives little help as to what the testatrix meant to include by her use of the words " household effects ". The constructions placed upon such words in the cases have been of such varied character as to suggest that the courts have undertaken to complete testators' wills by doing what it appears the testator would like to have done in each case. The circumstances surrounding the testator have been used in some instances as a guide. Here testatrix' daughter owned at least one of the books of stamps before her father's death, and inherited half of the remainder of the collection from him. The undivided half interest therein of which testatrix was legatee under her husband's will was among the household effects which she received from her husband, and it is reasonable to expect that the testatrix wished respondent to have the privilege, under said paragraph " SECOND " of her will, of selecting such remaining portion of the stamp collection. Although in some circumstances a stamp collection may not be deemed a part of household effects (*Matter of Minniss,* 200 Misc. 353; *Matter of Laidlaw,* 36 N. Y. S. 2d 971; and see *Matter of Kordes,* 192 Misc. 626), nevertheless, in this instance I think testatrix intended that respondent have the privilege of selecting the stamp collection as she has done. (See *Matter of Gault,* 48 N. Y. S. 2d 928; *Matter of Mitchell,* 38 N. Y. S. 2d 673, and *Matter of Winburn,* 139 Misc. 5.)

The executor has not established that respondent has in her possession any liquors in which testatrix had an interest, nor **that she has the** proceeds of sale of any such, and hence his claim in this respect is dismissed.

Submit decree directing respondent to turn over to the executor the said sum of $1,486.52, and denying his application in all other respects.