IN RE ESTATE OF LILLIE E. YAROLEM, deceased.

BARBARA FERN RINGEN, appellant, v. TRUMAN YAROLEM, individually and as executor of estate of Lillie E. Yarolem, et al., defendants; LINDA DAVIS, appellee.

No. 48838.

(Reported in 76 N.W.2d 770)

May 9, 1956.

Schoenthaler & Lee, of Maquoketa, for appellant.

Walter J. McCarthy, of Maquoketa, for executor of decedent's estate.

Asher E. Schroeder, of Maquoketa, for defendant Linda Davis, appellee.

BLISS, J.—The contest in the court below was solely between appellant and Linda Davis, a minor, and her guardian ad litem, Asher E. Schroeder, as all other defendants defaulted. Appellant filed a brief and argument in this court but none was filed by appellee, and the appeal was not orally argued.

The testatrix had three living children at her death, a daughter, the appellant, and two sons, Truman and Russell Yarolem. She died August 12, 1954, leaving no surviving spouse and no heirs other than the three children. On June 8, 1951, she executed her last will which was duly probated September 17, 1954. Her son Truman was appointed executor and qualified. The estate is undistributed and unsettled.

Paragraph 2 of the will, which is the one in controversy, provides: "I devise and give to my granddaughter, Linda Davis, subject to a life estate to my daughter, Barbara Fern Stout, for a period of 10 years from and after the date of my death, the real estate property * * *"—designating a nine-acre tract.

In paragraph 3 of the will she devised, in equal shares, to three daughters of her son Truman, a farm of 135 acres "subject, however, to a life estate which I give to my said son Truman."

In paragraph 4 of the will she devised to her grandson, Wayne Yarolem, a farm of 155 acres "subject to a life estate which I give to his father, Russell Yarolem * * *."

In paragraph 5 all of the furniture in the residence occupied by the testatrix is given to appellant, except the piano which is given to Rita Greene, a granddaughter of testatrix. In paragraph 6 all of the equipment formerly used in a maple sugar camp operated by testatrix and her husband is given to Truman. In paragraph 7 all the personal property on the farm devised in paragraph 3 to the three daughters of Truman is given to the latter.

Paragraph 8 of the will, the residuary clause, provided: "All the rest and remainder of my estate I give, devise and bequeath to my following said children, share and share alike: Barbara Fern Stout, Truman Yarolem and Russell Yarolem."

The petition for the construction of the will, filed April 7, 1955, alleges in substance the factual matters noted above; the inability of the plaintiff and defendants to agree as to the true construction of the will, particularly paragraph 2 thereof, in that plaintiff believes, and alleges, the fact to be that under the terms of said paragraph there is willed and devised therein to the plaintiff a life estate in and to the real estate described therein, and the remainder interest therein to Linda Davis. The prayer of the petition is that the court adjudge and decree the plaintiff to be the owner of a life estate in said real property, and that Linda Davis is the owner of the remainder interest therein, being the entire interest subject only to the life estate of plaintiff, and that Truman and Russell Yarolem be adjudged and decreed to have no interest in said real estate. Other and further relief as may be equitable was also prayed for. Notice of the filing of the petition was duly served on all defendants.

On May 11, 1955, Linda Davis, through her guardian ad litem, filed answer, admitting all allegations of the petition, but denying those alleging that plaintiff was devised a life estate in the nine-acre tract of land devised to Linda Davis, in paragraph 2 of the will.

At the hearing on the petition and answer held May 25, 1955, no testimony was introduced, and it was stipulated that Linda Davis is the daughter of plaintiff, Barbara Fern Stout, now Barbara Fern Ringen, and that Linda is twelve years old and plaintiff is thirty-eight years old. On June 7, 1955, the trial court filed its order finding:

"1. That Linda Davis * * * is entitled to the fee simple title of the property described.

"2. That the clause 'subject to a life estate to my daughter, Barbara Fern Stout, for a period of 10 years from and after the date of my death' is ambiguous, uncertain, vague and unintelligible and is void and of no effect to cut down the fee devised to Linda Davis."

I. As this court and courts universally have stated, the primary and cardinal rule of a court in construing any testamentary writing is to ascertain and carry out the intent of the maker of the instrument, considering it as a whole and giving effect to each and every provision thereof, if reasonably possible, and thus avoid any construction or interpretation which would defeat the manifest purpose so expressed. This rule has so often been announced by this court that extensive citation of our opinions is unnecessary, and, because of the diversity of the facts in these cases, precedents aid only in the statement of pertinent general principles. Elberts v. Elberts, 159 Iowa 332, 334, 141 N.W. 57; Anderson v. Anderson, 227 Iowa 25, 31, 32, 286 N.W. 446; Dickerson v. Morse, 200 Iowa 115, 119, 202 N.W. 601; In re Estate of Syverson, 239 Iowa 800, 804–806, 32 N.W.2d 799; In re Estate of Hellman, 221 Iowa 552, 555, 266 N.W. 36; Canaday v. Baysinger, 170 Iowa 414, 417, 418, 152 N.W. 562; In re Estate of Edwards, 231 Iowa 71, 72, 73, 77, 78, 300 N.W. 673; Mapes v. Rose, 187 Iowa 289, 291, 174 N.W. 235; Carman v. Davis, 193 Iowa 1076, 1078, 188 N.W. 892; Meek v. Briggs, 87 Iowa 610, 616, 54 N.W. 456, 43 Am. St. Rep. 410; In re Estate of McCulloch, 243 Iowa 449, 456–458, 52 N.W.2d 67; In re Estate of Johnson, 238 Iowa 1221, 1227, 30 N.W.2d 164; In re Guardianship of McCauley, 213 Iowa 262, 264, 265, 235 N.W. 738.

II. It is true that paragraph 2 of the will is perhaps ineptly drawn, but reading it as a whole and giving consideration to every part thereof in context, any seeming inconsistency therein is more superficial and specious than real. As stated by Weaver, C. J., in Hiller v. Herrick, 189 Iowa 668, 670, 671, 672, 179 N.W. 113, 114:

"That the intent of the testator is to prevail is conceded. It is the most familiar rule or phrase in the law of testamentary construction—but unfortunately is sometimes neglected, in the search for precedents to sustain a desired conclusion. In no other class of cases is mere precedent as to the use or meaning of human language of so little real value. No two men make their wills under precisely similar circumstances, and words used to express a certain intent in one case may be employed with a very different intent in another. Precedents * * * may be very properly employed as aids, but they should not lead either court or counsel to insist on a construction of a will which, in view of the situation disclosed in the particular case under inquiry, it is clear was not in the mind of the testator. * * *.

"The form in which this purpose is expressed is not fixed or invariable. Wills are often drawn by persons having little or no knowledge of law, and words are often employed, even by lawyers, in other than their strict, legal meaning; but the true and actual meaning of the testator will be allowed to prevail, if, in view of the instrument as a whole, and the circumstances attending its making, such intent is fairly shown."

In the case just cited and quoted the question was whether a fee or a life estate was devised, while in the case at bar the controversy is whether an estate for life or one for years was devised. But the language of the court (page 672 of 189 Iowa) is applicable in the instant appeal, to wit: "But he did *not* in express terms give her the fee. True, he did use words sufficient to carry the fee, had they not been accompanied by other terms and directions indicating a purpose to create for her only a life estate, with power to convey the fee. It is the duty of the court, if it be reasonably possible, to so construe the will as to give effect to all its provisions, and so that nothing will be held void for repugnancy."

In Bellamy v. Bellamy, 184 Iowa 1193, 1198, 1199, 169 N.W. 621, 623, the court said: "When the law gives to one the power to select the objects of his bounty, and to make his benefactions effective to those who are the chosen objects of his bounty, the law will not indulge in any fine distinctions to defeat the purpose and intent to be accomplished, when he undertakes

through the instrumentality of a will * * *. But where the intent of the testator can be gathered from the will, if all can be harmonized so that the intent is made manifest in the will, that intent must be given force and effect in construing the will, *even though that intent be inartificially expressed, and even though there be a seeming contradiction.*" (Italics ours.)

In re Estate of Pottorff, 216 Iowa 1370, 1372, 1373, 250 N.W. 463, 465, we said: " 'It is a cardinal principle of testamentary construction that the court reads the will of a testator as a whole, each provision thereof in the light of all the other provisions, and ascertains, if practicable, the testator's intent, and if such ascertained intent be lawful it will be respected and given effect accordingly.' * * * 'As has been frequently said, the intention of the testator is the polar star in the interpretation of a will. The will may be ever so inartistically drawn; it may be even ungrammatical in its terms, yet, if from the whole will, taking all the parts together, and giving them full consideration, the court can determine what the intent of the testator is, that must prevail.' * * * Rules of construction of wills are only useful when they are an aid to the court in ascertaining the intent of the testator. No arbitrary or technical rules of construction should prevail where the wording of the will itself expresses the testator's intent, and, even though the language may be awkward and unaided by punctuation, the testator has the legal right to make any distribution of his property he may elect, not contrary to law or public policy, and in doing so the testator may provide under what conditions certain devises and gifts will pass and become effective."

To sustain the contention of appellant that the testatrix intended to devise her a life estate in the second paragraph of the will, we must accept the words "subject to a life estate to my daughter, Barbara Fern Stout" as the completed intent of the testatrix, and wholly disregard, and as it were expunge from the paragraph, the qualifying words immediately following in the same sentence, to wit, "for a period of ten years from and after the date of my death." To do so, as said in Wilhelm v. Calder, 102 Iowa 342, 346, 71 N.W. 214, 216, is to "render nugatory some of the language of the will, and thwart the manifest intent

of the testator." Or, expressing the thought stated in Guilford v. Gardner, 180 Iowa 1210, 1224, 162 N.W. 261, 265, the words first quoted, standing alone, would undoubtedly vest in the petitioner a life estate, but to do so they must be given such effect without regard to the qualification contained in the same sentence: "No precedent has been cited, and we think none is to be found, going to this extent. To sustain the position taken by counsel, the court must dismember the testator's statement of his intent and give effect to one clause or phrase thereof and deny any force or effect to the express qualification or condition attached to such devise."

It is our conclusion that in paragraph 2 of her will the testatrix devised the fee to the real estate designated therein to her granddaughter, Linda Davis, subject to an estate therein and the right to possess and use said land in the appellant, Barbara Fern Ringen, for a period of her life not to exceed ten years from and after the date of the death of the testatrix, which lesser estate was devised to said appellant.

The order and judgment appealed from is therefore reversed and remanded to the District Court for entry of judgment in conformity with this opinion.—Reversed and remanded.

All JUSTICES concur.