IN RE ESTATE OF MAY G. CHADWICK, deceased.
IN RE ESTATE OF WALTER CHADWICK, deceased.

No. 48933.

(Reported in 78 N.W.2d 31)

July 26, 1956.

 ██

Betty, Betty, Neuman, Heninger & Van Der Kamp, of Davenport, for Harriett G. Brown, appellant and cross-appellee.

Hall & McCarthy, of Davenport, for Carl J. Spaeth, executor of the joint last will and testament of May G. Chadwick and Walter Chadwick, both deceased, appellee and cross-appellant.

OLIVER, J.—The issue in this case is the proper construction of the joint will of Walter Chadwick and his wife, May G. Chadwick, made in 1950. May Chadwick died in August 1952. Walter Chadwick died in October 1952. Carl J. Spaeth was appointed executor of the will for each estate. The joint will provides:

First. For the payment of debts, etc.

Second and Third. A life estate for the survivor in the entire estate of the other, such estate to become the property of Carl J. Spaeth if the survivor should remarry.

"Fourth. It is our joint wish and will that upon the termination of the aforesaid life estate, and upon the death of the latter of us two to die, thereupon all that is then remaining of said life estate, as well as the entire estate, real, personal or mixed, whether heretofore or hereafter acquired, of the one of us two who has survived the other, all said assets theretofore belonging to either or both of us, is now hereby devised and bequeathed unto the aforesaid Carl J. Spaeth, all, however, upon the terms, conditions and limitations hereinafter stated.

"Fifth. Out of the assets of the aforesaid estate of either of us, when and as a residuary estate it may become the property of said Carl J. Spaeth under the limitations and provisions herein stated, Mrs. Harriett Brown, the sister of May G. Chadwick, the testatrix herein, shall have the privilege of taking and keeping any item of the personal property herein bequeathed, except one case of flat table silver, Chantilly pattern, which shall be the absolute property of Carl J. Spaeth. Any items of the personalty so selected by Mrs. Harriett Brown are for her personal use and must be selected by her * * *.

"Sixth. Particular reference is now made to certain assets of the aforesaid residuary estate of us two; said assets are (1) any and all cash on deposit in any bank in the name of either of us, (2) any and all of our cash in any bank safety vault, (3) any cash that can be realized from the sale of any securities belonging to either of us, and (4) any cash from any insurance on the life of either of us. All said assets shall be treated as a fund from which Carl J. Spaeth shall pay unto Charles E. Griffith, now residing in West Alexandria, Ohio, the sum of One Hundred Dollars ($100.00) each and every month, beginning thirty (30) days after the death of the last survivor of us two, and continuing for the term of five (5) years, and providing the said payee shall live that length of time; and providing further, that said monthly payments shall cease at his death."

Lastly. Nominates the survivor as executor, and Carl J. Spaeth as (final) executor, without bonds.

Harriett G. Brown, a widow, sixty-seven years of age when the will was drawn, is the sister and sole heir-at-law of May G. Chadwick. Carl J. Spaeth, then thirty-two years of age, is not related to either of the Chadwicks. The will was drafted by an able lawyer. The estimated value of the real property of the estate was $20,000. The personal property listed was as follows: $21,600 (maturity value) U. S. "E" bonds, $13,700 cash, 50 shares A. T. & T., 300 Pabst Brewing Co., 100 Deere & Co., 30 Swift & Co., 1 Park & Tilford, 134 Davenport Besler, $6000 life insurance, $930 A. T. & T. debentures, Buick Roadmaster automobile, various pieces of jewelry, household goods, etc.

Harriett G. Brown filed in the estate proceedings her selection of personal property under Paragraph 5 of the will. She listed therein and claimed all personal property in the estate except $2000 cash, $930 A. T. & T. debentures, $309 A. T. & T. stock, and a $300 diamond pin. The record does not disclose her reason for not selecting these, also. Thereafter she filed a petition asking that the executor be directed to distribute to her the property she had selected. The executor resisted. Trial resulted in an adjudication that she was entitled to choose any and all items of tangible personal property only and not any cash, securities or other intangible property. From this judgment she has appealed and the executor has cross-appealed.

1054

I. Appellant Mrs. Brown contends the words, personal property, in the fifth paragraph of the will, include intangible as well as tangible personal property and that the court should have so construed them. We hold this contention is not well founded.

The purpose of construing a will is to ascertain the intent of the testator. Such intent is to be gathered from the will as a whole, giving effect to each provision thereof, if reasonably possible, and thus avoiding any construction which would defeat the manifest purpose so expressed. In re Estate of Yarolem, 247 Iowa 849, 76 N.W.2d 770, and citations; In re Estate of Syverson, 239 Iowa 800, 804–806, 32 N.W.2d 799, and citations.

Courts have frequently pointed out that the expression "personal property" is susceptible of more than one meaning. In its technical and broader meaning it includes everything which is the subject of ownership except lands and interests in lands. But, it is used, also, in a more limited and restricted sense, referred to as its ordinary or popular meaning, as including only goods and chattels, tangible things. 73 C. J. S., Property (Personal Property) section 8a; Bryant v. Bryant, 129 Maine 251, 151 A. 429. Hence, in construing wills courts frequently have determined in what sense the expression "personal property" was employed. 57 Am. Jur., Wills, section 1339; 69 C. J., Wills, section 1431.

Of course, such determination generally involves the consideration of the will as a whole. Where the effect of the words in their technical and broader meaning would be to frustrate another bequest, courts have generally construed them in their more restricted sense. Obetz v. Boatmen's National Bank, 361 Mo. 221, 234 S.W.2d 618, 623; In re Estate of Combs, 136 Cal. App. 286, 28 P.2d 711; In re Estate of Kruger, 55 Cal. App. 2d 619, 131 P.2d 619, 621; Blakeman v. Harwell, 198 Ga. 165, 31 S.E.2d 50, 56; In re Estate of Lovejoy, 38 Cal. App.2d 69, 100 P.2d 547; annotations in 137 A. L. R. 212 and 162 A. L. R. 1134. The reason frequently given is based upon the inference that testator intended each provision of the will to be effective.

Here the sixth paragraph of the will provides that cash in banks, in safety vaults, from the sale of securities and from life insurance shall constitute a fund out of which Carl J. Spaeth shall pay Charles E. Griffith $100 per month, for five years, or less, if Griffith should sooner die. Appellant's interpretation of the fifth paragraph, as giving her the right to all this property, would make the sixth paragraph impossible of execution. This would be contrary to the evident intent of the testators. That the Chadwicks outlived Griffith would not invalidate this reasoning as to their evident intent at the time the will was executed.

Mrs. Brown is mentioned in the fifth paragraph of the will, only. It states, in substance, that when the estate may become the property of Carl J. Spaeth, subject to the provisions and limitations of the will, she may take any item or items of the personal property (with one exception) for her personal use. From the context it appears the words "for her personal use" were used, not to negative any idea of use for the benefit of others, but, instead, to indicate uses pertaining to her person. Although this could refer to intangibles it would be more appropriately limited to items of tangible property.

Appellant refers to a rule that the law favors that construction of a will which most nearly conforms to the statutory rule of descent and distribution. See In re Estate of Miller, 243 Iowa 920, 923, 54 N.W.2d 433, 36 A. L. R.2d 139, and citations. That rule of construction has force in doubtful cases only. It is not here effective because the language of the will indicates the dominant testamentary plan was that Mr. Spaeth should receive the bulk of the estate upon the death of the surviving testator. The third paragraph of the will gives him the estate of the testator first dying, if and when the survivor should remarry. The fourth paragraph provides that upon the death of the survivor the entire estate of both shall go to Mr. Spaeth, upon the terms and conditions thereinafter stated.

In this connection it may be noted that, under appellant's contention, the limited right given her to select any item or items of the personal property for her personal use would be magnified into the right to take the bulk of the estate. This would not accord with the dominant testamentary plan indicated by the will considered as a whole.

The reasons above outlined require the conclusion that the trial court did not err in adjudging that the personal property which appellant is entitled to take under the will does not include intangible property.

■■ II. The cross-appeal of Carl J. Spaeth, executor, is based upon the statement in the fifth paragraph of the will that Mrs. Brown may take any items of the personal property "except one case of flat table silver, Chantilly pattern, which shall be the absolute property of Carl J. Spaeth." Cross-appellant contends that, under the doctrine of ejusdem generis, the quoted language should be construed as limiting the items of personal property to be selected by Mrs. Brown to those "of the nature of household goods, such as flat table silver, Chantilly pattern." The principle of ejusdem generis is that general words following the enumeration of particular things are applicable only to things of the same general nature. However, it is merely a rule of construction to aid in ascertaining the meaning of a writing.

Here the case of silver is mentioned as excepted from the items open to selection by Mrs. Brown. It is referred to by way of exclusion rather than inclusion. The statement that there is one thing she may not take does not tend to limit to property of that general nature the things she may take. For example, had the automobile been excepted, her right to take property would not have been limited thereby to things of that nature.

We hold the rule of ejusdem generis is not here applicable and that the language excluding the Chantilly table silver should not be construed as limiting Mrs. Brown's right of selection to property of that general nature.

Our decision in this case is limited to the single proposition presented in each of the two appeals.

The judgment is affirmed on both appeals. The costs upon appeal are ordered taxed two thirds to appellant and one third to cross-appellant.—Affirmed on both appeals.

All JUSTICES concur.