349 So.2d 663 (1977)
In re ESTATE OF Glen A. HOPKINS, Deceased.
No. 76-940.
District Court of Appeal of Florida, Fourth District.
August 9, 1977.
Rehearing Denied September 21, 1977.
Martin J. Sperry of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Fort Lauderdale, for appellant Glen H. Hopkins.
Donald Gorenberg and Robert L. Beals of Byrd & Ferrell, Ft. Lauderdale, for appellee Helena F. Hopkins.
ANSTEAD, Judge.
The main issue in this appeal is the construction of a provision in the will of Glen A. Hopkins that his wife, Helena F. Hopkins, the appellee herein, receive "one-third (1/3) of my adjusted gross estate... ." The trial court ruled that this phrase meant "adjusted gross estate for Federal Estate Tax Purposes" thus including non-probate assets in computing the amount of the devise. By this construction, no funds would be available for a residual trust set up in a subsequent provision of the same will for the benefit of Glen Hopkins, Jr., the appellant.
Glen Sr. made a will in 1965 which provided in paragraph V:
In the event that my wife, HELENA F. HOPKINS, shall survive me, then I hereby give, devise and bequeath thirty-three and one-third (33 1/3%) percent, or one-third (1/3) of my adjusted gross estate unto my beloved wife, Helena F. Hopkins, and I direct that the legacy provided for her in Paragraph II of this Will and Testament shall be calculated as part of said one-third (1/3) interest.
Paragraph II left Helena any automobile owned by Glen Sr. at the time of his death.
Provision is made in the first paragraph of the will that all expenses of any kind, including the cost of administration and taxes, shall be paid from the residue of the estate. Provision is made for the payment out of the residue, of any charges imposed against property "included in my gross estate for tax purposes."
*664 Paragraph VII of the will created a testamentary trust for Glen Jr. consisting of the estate residue. The trust provisions take up two pages of the will and provide for monthly payments to Glen Jr. of $250.00 until the body of the trust becomes less than $5,000.00 in which case the entire amount shall be distributed to Glen Jr. The trust also provides that the trust shall operate for the benefit of Glen Jr.'s children should Glen Jr. predecease Glen Sr. or die before the entire trust is distributed. Several other pages of the will detail the power and obligations of the trustee.
Paragraph X of the will provides that Helena's interest in the estate shall terminate if she predeceases Glen Sr., and her interest shall be added to the gross estate and distributed under "the other provisions of this Will and the trust created hereunder." In 1971 Glen Sr. added a codicil to his will which gave $3,600.00 to his grandson, Michael Hopkins.
Glen Sr. died in 1975 leaving a probate estate of $21,037.01 and an estate for estate tax purposes of $103,639.44. Helena then filed a motion with the trial court seeking a construction of paragraph V of the will resulting in the ruling now being reviewed.
The paramount rule of construction is that the intent of the testator must be determined and carried out as nearly as possible. Here, the trial court simply had the facts set out above from which to determine intent. No additional testimony or evidence was presented at the hearing on Helena's petition.
A will is an instrument by which a testator distributes those assets owned by him at the time of his death. Accordingly, unless an intention is expressly made to the contrary, a testator's reference to his estate will normally be limited to his probate estate. In other words, since his probate estate consists of assets he owned at the time of his death, it will usually be assumed that it is those assets which are the subject of the plan of distribution set out in his will. Whether the testator uses the words "estate," "gross estate," "adjusted gross estate," "net estate," "distributable estate," or whatever, the "estate" referred to is the "probate estate," unless there is a specific provision or showing of intent to the contrary.
In this case no specific provision to the contrary is present. However, by virtue of the use of the words "gross estate for tax purposes" in paragraph I and the absence of such words in paragraph V we can at least infer the testator knew such words were available to use if he so desired, and he did not do so.
In addition, the construction approved by the trial court would actually conflict with the other will provisions providing for the trust to the son and the bequest to the grandchild. Why would the testator devote the major portion of his will to an unfunded trust and make provision for other bequests, when there are not even sufficient funds in the estate to fund paragraph V. The answer to this question, absent any evidence in the record showing a specific intent to the contrary, leads to the logical conclusion that the testator did not intend that the bequest made in paragraph V be calculated on the basis of his estate "for Federal Estate Tax purposes." The order of the trial court is hereby reversed with directions for the entry of an order in accordance with this opinion.
ALDERMAN, C.J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge, dissenting:
Based upon the reasoning and rationale expressed in In re Estate of Gutwirth, 53 Misc.2d 699, 279 N.Y.S.2d 899 (Surrogate's Ct. 1967), I would affirm the determination made by the trial court that the phrase "Adjusted Gross Estate" means "Adjusted Gross Estate for Federal Estate Tax Purposes", as was similarly held in the Gutwirth case.