609 So.2d 623 (1992)
In re ESTATE OF Margaret WALKER.
No. 91-0728.
District Court of Appeal of Florida, Fourth District.
August 5, 1992.
Rehearing Denied December 4, 1992.
Richard L. Allen and Alfred I. Hopkins, Wallace, Engels, Pertnoy, Solowsky & Allen, P.A., Miami, for appellants Walter Martin and Norean Martin.
Brian M. O'Connell, Boose Casey Ciklin Lubitz Martens McBane & O'Connell, Larry Klein, Klein & Walsh, P.A., West Palm Beach, for appellee Robert B. Reed.
William R. Merkle, Merkle, Bright & Sullivan, P.A., Delray Beach, for appellee First Presbyterian Church of Delray Beach.
Larry Klein, Klein & Walsh, P.A., West Palm Beach, for appellee First Presbyterian Church of Delray Beach.

ON MOTION FOR REHEARING EN BANC
STONE, Judge.
By our initial opinion in this case, the court essentially determined that a specific bequest of "all of my personal property," in the absence of other descriptive, limiting, or modifying words, is not ambiguous. As a result, we determined that the trial *624 court erred by considering extrinsic evidence of the testator's intent, notwithstanding a residuary provision leaving the remainder of the estate to another. Upon considering the issue en banc as a matter of exceptional importance, we withdraw our opinion of January 22, 1992 and substitute this opinion, affirming as to all issues.
The testator's initial will provided, in article II:
GENERAL BEQUESTS
I hereby give and bequeath all real property owned by me in the states of Florida, Michigan or elsewhere, together with all of my personal property which I may own at the time of my death, to my good friends, WALTER MARTIN and NOREAN MARTIN, jointly, or to the survivor between them.
This was amended by codicil as follows:
ARTICLE II.
GENERAL AND SPECIFIC BEQUESTS
A. I hereby give and bequeath my residence and lot located at Route 1, Box 982, L'Anse, Michigan to my nephews, THOMAS MENGE and WILLIAM MENGE, jointly or to the survivor between them.
B. I hereby give and bequeath all other real property owned by me, together with all of my personal property which I may own at the time of my death, to my good friends, WALTER MARTIN and NOREAN MARTIN, jointly or to the survivor between them.
Article III of the will provides:
RESIDUE
All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate, including the proceeds of my insurance policies payable to my estate, of which I may die seized or possessed, or to which I may be or become in any way entitled or have any interest, or over which I may have any power of appointment, I give and bequeath to the FIRST PRESBYTERIAN CHURCH, USA, Delray Beach, Florida, to be used for its general purpose.
Patently, there is no express provision in the will distinguishing between tangible and intangible property. When a dispute arose, the appellee-Reed, the personal representative, petitioned for construction of the will. The appellants, the Martins, also did so and additionally sought an order removing the personal representative and surcharging him for distributing intangible personal property to the residuary beneficiary.
The trial court, looking at the will as a whole, recognized that there are at least two possible interpretations of the testator's intent, and found latent ambiguities in the will and codicil. Upon final hearing, the trial court heard testimony concerning earlier wills, and also heard from the Martins and other witnesses. The trial court determined that the testator intended that only the tangible personal property pass to the Martins, and that the intangible property pass to the residuary beneficiary.
Every lawyer learns that the term personal property includes both tangible and intangible property. The term essentially encompasses all property other than real property. Nevertheless, the polestar concern in interpreting this, as any, will is determining the testator's intent in using that phrase. In evaluating the (testator's) intent, courts have frequently recognized that the term "personal property" may have a limited popular meaning that is restricted to describing tangible property, and in context it has often been deemed not to have a fixed meaning. E.g., In re Lesher's Estate, 365 So.2d 815 (Fla. 1st DCA 1979); In re Horne's Estate, 171 So.2d 14 (Fla.2d DCA 1965).
Further, the interpretation of the trial court is consistent with what appears to be a majority view, where the term personal property is considered in the context of other provisions in the will. Here, those additional factors could be its inclusion in a paragraph with a devise of realty, the subsequent residuary provision, or both. See generally In re Dodge's Estate, 6 Cal.3d 311, 98 Cal. Rptr. 801, 491 P.2d 385 (1971). See also 94 A.L.R. 1106, 1111; In re Graham's Estate, 49 Cal.2d 333, 316 P.2d 945 (1957); Blakeman v. Harwell, 198 Ga. 165, 31 S.E.2d 50 (1944); In re Chadwick's *625 Estate, 247 Iowa 1050, 78 N.W.2d 31 (1956).
In In re Horne's Estate, the Second District stated:
The words "personal effects" or "personal property" when used in a will have no fixed meaning and there "is always a question of the intention of the testator so ascertained from the particular setting in which the phrase appears and the general tenor of the will." In re Kordes' Will, supra, [(1948), 192 Misc. 626, 82 N.Y.S.2d 499] and cases therein cited; In re Chadwick's Estate, 1956, 247 Iowa 1050, 78 N.W.2d 31, 33; Bryant v. Bryant, 129 Me. 251, 151 A. 429; 57 Am.Jur. Wills, § 1339, (Personal Property), § 1130 (Ejusdem Generis Rule.) Although the term "personal property" is sufficiently broad in its technical sense to include all forms of property other than interests in land, "in the majority of cases" the courts view the intention of the testator as carrying a restricted meaning not including various species of intangible personalty. 57 Am.Jur. Wills, § 1339.
Horne's, 171 So.2d at 17. The Horne's court continued:
It seems to be argued by appellant that the principle reason for inserting a residuary clause in a will is to dispose of some property of testatrix that might have been overlooked, or some legacy that might have lapsed and not thereafter been covered by some other provision of the will, or some property that came into existence after the will was executed and could not, at the time of its execution, be otherwise disposed of. We do not agree with this reasoning. A residuary clause is not a catch-all, in which is cast worthless, non-existent or unwanted things to clean up, as it were, the debris of an estate. As all lawyers know, in many wills, the bulk of an estate passes by virtue of the residuum clause instead of by specific bequests.
Horne's, 171 So.2d at 18.
We recognize that in Emmert v. Hearn, 309 Md. 19, 522 A.2d 377 (1987), the Maryland Supreme Court held that the term personal property as used in the will in that case was not ambiguous. Nothing is to be gained by a strained distinction of Emmert and we treat it simply as a minority view in conflict with the view expressed here.
In concluding that the trial court did not err by construing the provision in this will as ambiguous, we are mindful that the paramount consideration in the construction of a will is the testator's intent. E.g., Adams v. Vidal, 60 So.2d 545 (Fla. 1952); In re Hopkin's Estate, 349 So.2d 663 (Fla. 4th DCA 1977); In re Lesher's Estate, 365 So.2d at 817; In re Horne's Estate, 171 So.2d at 17. Here, there is no reason to construe the will so as to necessarily make the residuary clause insignificant in determining the intended scheme of distribution. Had the testator intended the residuary provisions to apply only in some extremely remote and unanticipated circumstance, surely more appropriate terminology would have been used to limit the residuary expectation to such circumstances.
In deciding to consider this opinion en banc, we recognize that although the facts of this case may be unique, our decision will have a far reaching effect. Many existing wills may loosely use the term "personal property." For instance, a will in which a person might leave a home and "personal property" to a companion, or spouse of a second marriage, while leaving a residuary remainder of the rest of the estate to his or her children not otherwise mentioned in the specific bequest.
Additionally, at trial the court overruled objections to the personal representative, who drafted the will, testifying to the decedent's intent. The appellee contends that the personal representative is an interested party in this case by virtue of the pending petition to remove and impose a surcharge upon him. Therefore, appellant contends that the "deadman's statute," section 90.602, Florida Statutes, applies.
We conclude that the trial court did not err in allowing the personal representative to testify. In re Udell's Estate, 324 So.2d 703 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 108 (Fla. 1976). We have *626 considered In re Estate of Hatcher, 439 So.2d 977 (Fla.3d DCA 1983), but deem it inapposite here. But for the surcharge claim, there is no basis for a conclusion that the personal representative would gain or lose from any interpretation of the will. Here there is no contention that his fee would be based on any factor other than quantum meruit. Nor was the validity of the will in issue. We need not consider under what other circumstances the dead man's statute might prevent a personal representative from testifying.
Therefore, the judgment is affirmed.
DOWNEY, ANSTEAD, LETTS, HERSEY, DELL and WARNER, JJ., concur.
POLEN, J., dissents with opinion in which GLICKSTEIN, C.J., and GUNTHER and FARMER, JJ., concur.
GARRETT, J., recused.
POLEN, Judge, dissenting.
I respectfully dissent. I would hold that the trial court erred when it found the will and codicil to be ambiguous[1] and would conclude that it was error for the trial court to admit extrinsic or parol evidence as to the issue of the personal property. I would, however, concur in receding from our original panel opinion that it was error to permit the testimony of Mr. Reed, as personal representative and drafter of the decedent's various wills and codicils, regarding his oral communications with the deceased. While I disagree with the majority's minimal consideration of the extent to which Reed is an interested party, I would concede that such interest is for the trier of fact to consider in determining what weight to give Reed's testimony.
The potential ambiguity of the term "personal property" has been dealt with in In re Estate of Lesher, 365 So.2d 815 (Fla.1st DCA 1979), and In re Estate of Horne, 171 So.2d 14 (Fla.2d DCA 1965). Those cases were relied on extensively by both Reed and the church, as well as the trial court below, and the majority of this court sitting en banc. These cases are distinguishable, however, because of the context of the phrase "all of my personal property" in Mrs. Walker's will.
In Lesher the court found an ambiguity in that the testator devised to one beneficiary "all of the personal property which I may own at the time of my death" which was "situate" in a particular state. "Personal effects" were devised to another beneficiary, which the beneficiary would "desire and select." In re Estate of Lesher, 365 So.2d at 816. The court held that the personal property and effects were tangible in nature, being possessed of a situs and being subject to touch. The court's determination was supported by parol evidence admitted in the case. Id. at 819.
In Horne, the testatrix devised her "diamond ring and any other personal property" to a particular devisee. The court applied the rule of ejusdem generis because the word "other" created an ambiguity within the context of the will. In re Estate of Horne, 171 So.2d at 17. Because the testatrix began the devise with an item of tangible personal property, the court presumed, based on the rule of construction, that her intent was to continue to focus on such tangible items rather than intangible assets such as bank accounts or shares of stock. Id. at 21.
In the case at bar there were no preceding words or phrases either describing, limiting or modifying the bequest of "all of my personal property". Mrs. Walker clearly wanted to leave all of her real and personal property to the appellants, or she would have done otherwise. The testatrix is presumed to know the law relative to the making and effect of wills. Lowrimore v. First Sav. & Trust Co., 102 Fla. 740, 140 So. 891 (1931). The existence of a residuary clause in the will does not create an *627 ambiguity by its mere existence, as the appellees suggested. The residuary clause is often a vehicle for the distribution of lapsed, disclaimed or void gifts, insurance proceeds and the general remainder of an estate. At the very least, the residual clause in Mrs. Walker's will provided for her insurance proceeds to go to the church. Just because there is no remainder to dispose of does not mean that a court should apply rules which create residual gifts. See Sternberg v. Florida Nat'l Bank, 114 Fla. 580, 154 So. 844 (1934).
The appellants urged the trial court, as well as this court, to follow the Court of Appeals of Maryland in deciding the issue concerning the potential ambiguity of the term "personal property." In the case of Emmert v. Hearn, 309 Md. 19, 522 A.2d 377 (1987), the court held that it was error to consider the term "personal property" to mean tangible personal property alone. When the language of a paragraph in a will is unambiguous on its face, the words should be given their plain meaning and import. The Emmert case is strikingly similar to the one at bar, and believe it to be well reasoned and not at odds with any decisions from our supreme court. See Floyd v. Smith, 59 Fla. 485, 51 So. 537 (1910). In my view, there is no apparent ambiguity in the will provision, and the phrase "all my personal property" should have been taken at face value, to include both tangible and intangible personal property.
Therefore, I would hold that the trial court erred in admitting extrinsic evidence concerning the intent of the testatrix because there was no ambiguity apparent in the decedent's bequest of personal property. Adkins v. Woodfin, 525 So.2d 447 (Fla. 4th DCA 1988). As a result, I would reverse the final judgment and remand the case with instructions that judgment be entered for the appellants.
NOTES
[1] This conclusion that there was no ambiguity in the will would only apply to the central issue in the case at bar concerning the bequest of personal property. There was an issue in the trial court as to the address of the Michigan residence specified in the codicil. Though there might have been an ambiguity with regard to the Michigan residence which required extrinsic evidence to resolve, that matter was not before this court on appeal.