> Where, in an action for money had and received, it appeared that plaintiffs, attorneys, were entitled to one-half of the sum at which a claim was adjusted, and it was uncontradicted that the amount paid in settlement was $150, plaintiffs could not recover an amount in excess of $75.

Appeal from Special Term, Kings County.

Action by Jacob Neu and another against the Brooklyn Heights Railroad Company and another.  From a judgment in favor of plaintiffs, defendant railroad company appeals.  Reversed on condition.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

I. R. Oeland, for appellant.
Alfred J. Gilchrist, for respondents.

PER CURIAM.   The parties consented to try the issues as if in an action for money had and received.  The attorneys under their agreement were entitled to one-half of the sum as adjusted.  The sum paid in settlement, as established by the uncontradicted evidence, is $150. This must be taken as the basis of the attorneys' claim (Pilkington v. Brooklyn Heights R. R. Co., 49 App. Div. 22, 63 N. Y. Supp. 211), and therefore the judgment could not exceed $75.

The judgment must be reversed, and a new trial granted, unless the plaintiffs within 20 days consent to a reduction thereof to $75, without costs, in which case it is affirmed, without costs.

---

## PALMER v. RING et al.

(Supreme Court, Appellate Division, Second Department.   June 8, 1906.)

CORPORATIONS — TRANSFER OF CORPORATE PROPERTY — VALIDITY — RIGHT OF TRANSFEREE.

> The owner of substantially all the stock of a corporation transferred by his individual act corporate property.  The receiver of the corporation subsequently demanded of the transferee to surrender the property, which was refused.  *Held*, that the transferee did not obtain title to the property, and his possession, after a refusal to surrender it to the receiver, became tortious, so that an action for conversion would lie.

Appeal from Trial Term, Kings County.

Action by Sydney H. Palmer, temporary receiver of J. S. Neuberger & Co., against Charles E. Ring and others.  From a judgment dismissing the complaint, plaintiff appeals.  Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, and MILLER, JJ.

Adam K. Stricker (Frederick S. Lyke and William J. Foster, on the brief), for appellant.
William S. Haskell, for respondents.

MILLER, J. The plaintiff appeals from a judgment dismissing his complaint, entered on a nonsuit. The action is for conversion, and the evidence tends to establish that the defendant Ring loaned to the corporation, of which the plaintiff is receiver, and to its president, one Schwickart, certain moneys, a portion of which appears to have been used by said Schwickart personally and the remainder for the benefit of the corporation. It is conceded that the property in question was the property of said corporation and that it is now in the possession of the defendants. There is evidence that said Schwickart personally executed a bill of sale of said property to the defendant Ring, and delivered possession thereof under said bill of sale, but there is no evidence of any transfer by the corporation owning the property. It also appears that said Schwickart owned nearly all of the stock of said corporation, and the parties appear to have dealt upon ·the supposition that he was in fact the corporation. The learned trial court granted the motion for a nonsuit upon the theory that the possession of the defendants was not shown to have been tortious, evidently overlooking the allegation in the complaint, admitted by the answer, that the plaintiff had made a demand upon the defendants for the property.

It is well settled that the title to corporate property is in the corporate entity, and not in its stockholders (Saranac & L. P. R. R. Co. v. Arnold, 167 N. Y. 368, 60 N. E. 647; Buffalo L., T. & S. D. Co. v. Medina Gas Co., 162 N. Y. 67, 56 N. E. 505), and, as the transfer made by Schwickart did not purport to be a corporate act, it was manifestly insufficient to transfer the corporate property, although he may have owned substantially all of the stock. It is not entirely clear from this record what the actual dealings between the parties were, or whether the defendants claim under some transfer from the corporation itself, as they were not put to their proof; but, so far as the record discloses anything, it simply discloses a transfer made by Schwickart individually, as stated supra. Upon this proof the defendants never obtained title to the property, and their possession after refusal to surrender it to the receiver of the corporation became tortious, whatever its character may have been theretofore.

It is clear, therefore, that a case was made putting the defendants to their proof, and the judgment entered on the nonsuit must therefore be reversed, and a new trial granted; costs to abide the event. All concur.