to appeal had not been obtained and of failure to file the return and printed papers on appeal.

*John D. Beals, Jr.,* for motion.

*Louis Horowitz* opposed.

Motion granted and appeal dismissed, with costs and ten dollars costs of motion.

---

HARVEY A. DWIGHT et al., Appellants, *v.* BERTRAM H. FANCHER et al., as Executors of EMILY A. WATSON, Deceased, et al., Respondents.

(Submitted May 2, 1927; decided May 10, 1927.)

Motion for reargument denied, with ten dollars costs and necessary printing disbursements.   (See 245 N. Y. 71.)

---

In the Matter of the Application of GEORGE GARDNER, as Administrator of the Estate of ELIZABETH M. GARDNER, Deceased, Respondent, for a Judicial Construction of the Will of BLANCHE A. THOMPSON, Deceased.

FRIENDSHIP   HALL   VACATION   HOME,   INC.,   et   al., Appellants; FARMERS' LOAN AND TRUST COMPANY, as Executor of BLANCHE A. THOMPSON, Deceased, et al., Respondent.

*Will — trust — exercise of power of appointment — construction of will to determine whether there was a direct bequest of fund or whether it became part of residuary estate.*

*Matter of Thompson,* 218 App. Div. 130, affirmed.

(Argued May 2, 1927; decided May 17, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 5, 1926, which modified and affirmed as modified a decree of the New York County Surrogate's Court construing the will of Blanche A. Thompson, deceased. The property left by testatrix at the time of her death was insufficient after the payment of her debts, the

Prepared by State Reporter from Appeal Papers

inheritance and estate taxes and administration expenses chargeable against her estate, to pay in full the legacies given by her will. The testatrix, however, had a power of appointment over a trust fund under a deed of trust which had been executed by herself and her husband. By her will the testatrix exercised the said power, and the question was whether she intended to blend the appointive fund with her own general estate (thereby subjecting it to the payment of her debts, legacies and other similar charges), or whether she intended the appointive fund to follow the course of distribution from the original trustees of the fund, to the appointees under the power — without becoming a part of her individual estate. The surrogate held the fund to be a part of the residuary estate applicable to the payment of legacies in full.

*Charles Angulo* and *Richard J. Turk, Jr.*, for Friendship Hall Vacation Home, Inc., appellant and respondent.

*Daniel J. Mooney* and *Carl E. Peterson* for Mary F. Garratt, appellant and respondent.

*J. Ard Haughwout* and *Arthur G. H. Power, Jr.*, for George Gardner, as administrator, respondent.

*Matthew C. Fleming* and *George N. Whittlesey* for Farmers' Loan and Trust Company, as executor, respondent.

*Reuben Leslie Maynard* for Helen G. Durfee et al., respondents.

*Paul T. Kammerer, Jr.*, for Jean Gardner et al., respondents.

Order affirmed, with costs to each respondent separately appearing on this appeal payable out of the estate; no opinion.

Concur: POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Dissenting: CARDOZO, Ch. J., and KELLOGG, J.