In the Matter of the Construction of the Will of JESSE WINBURN, Deceased.

Surrogate's Court, Westchester County, March 6, 1930.

20

Townsend, Guiterman & Wilson [Winthrop A. Wilson of counsel], for the executors.

Townsend, Guiterman & Wilson [Winthrop A. Wilson of counsel], for the executors.

M. S. & I. S. Isaacs [Lewis M. Isaacs of counsel], for Dorothy Del Siena, niece.

William A. Davidson, special guardian.

SLATER, S. The testator caused the Bronxville Golf Association, Inc., to be incorporated December 4, 1924. Its capital stock was $200,000, paid in by and the entire stock was issued to the decedent. Certain lands were bought by the corporation in May, 1925, and later subdivided and sold. Land at Rye, N. Y., the subject of the instant question, was contracted for by the decedent's agent on November 19, 1926, and title thereto was taken in the name of the corporation on January 10, 1927. The money for its purchase was provided by the decedent. His check was to the corporation, and the company in turn gave its check to the seller. The real estate was carried on the books of the decedent. It was never treated as an asset of the corporation. None of the capital of the corporation was used for its purchase. The improvements on the property and the house erected thereon by the decedent were paid for from his personal funds.

The will of the decedent was executed April 9, 1929, and he died July 21, 1929. The will was probated October 25, 1929.

Paragraph 5 of the will gives to the niece, Dorothy Del Siena, the real property on Forrest avenue, Milton Point, Rye, N. Y., " where I am now building a house which I intend to make my home."

The title to the land was in the corporation, and not the decedent. Is the devise good?

On sound legal principle, since title to the home is in the corporate entity and not in the testator, it might be held the devise would be invalid. (Button v. Hoffman, 61 Wis. 20; Palmer v. Ring, 113 App. Div. 643; Werner v. Hearst, 177 N. Y. 63.) The cases are fully collated and written upon in the very valuable book on " The Disregard of the Corporate Fiction," by Professor I. Maurice Wormser of the New York bar, at pages 17–20. (Matter of Brown, 130 Misc. 865.)

On legal principle the title is in the corporation as a legal entity

and artificial personality. The sole stockholder has not the legal title to the home, having transferred it to the corporation.

As was said in *Button* v. *Hoffman* (*supra*), after citing many cases: " These general principles sufficiently establish the doctrine that the owner of *all* the capital stock of a corporation does not, therefore own its property, or any of it, and does not himself become the corporation, as a natural person, to own its property and do its business in his own name. While the corporation exists he is a mere stockholder of it, and nothing else."

However, in construing similar provisions in wills, courts in this State have regarded the substance of the gift, and have pierced the veil of corporate entity to sustain such a gift. (*Matter of Foley*, 132 Misc. 332.) There, as here, the decedent was an equitable owner of the property. Other cases on phases of the subject are: *Matter of Friedman* (177 App. Div. 755); *Matter of Cartledge* (118 Misc. 131; affd., 203 App. Div. 899; affd., 236 N. Y. 515); *Matter of Bush* (124 Misc. 674); *Farmers' Loan & Trust Co.* v. *Pierson* (130 id. 110); *Matter of Brown* (Id. 865; modified, 225 App. Div. 759; modified, 252 N. Y. 366).

The recent cases have shown an impatience with the strict " entity doctrine " and have been disposed to disregard the corporate fiction, especially in cases of so-called " one-man companies," where these have been used simply for convenience. In such cases the courts have frequently tended to " pierce the veil of corporate entity," and to treat the title as really being in the sole shareholder. There is a strong intimation in Judge CRANE's opinion in the *Brown Case* (*supra*) that the court is not in entire sympathy with the doctrine of corporate entity where it tends to cloud and shroud the actual facts.

Withal, the law upon the subject in this State is somewhat indefinite and uncertain. The Court of Appeals has not passed squarely upon the question. It may well be our courts will feel that modern life requires modern methods in law to meet present day progress and liberalism and that legal fictions have little or no place whenever it is proper to circumvent fraud or *administer justice*. There is a decided difference of opinion in the courts of the country on the general policy of permitting a single stockholder interest to avoid liability where fraud does not enter.

In order to effectuate the intention of the testator, upon the facts presented in the instant case, the doctrine of corporate entity will be disregarded. The company was used by the decedent as a mere " dummy," or name for Jesse Winburn. He was president, director and sole stockholder. (*Ross* v. *Pennsylvania Rail-*

*road Co.*, [N. J. Court of Errors] page 1, N. Y. L. J. Feb. 15, 1930; *Donovan* v. *Purtell*, 216 Ill. 629.)

The decedent, the sole stockholder of the corporation, knew that his will had made a specific gift of the real estate to the niece. Although it had a corporate entity, it was charged with the knowledge which its officers and directors and sole stockholder possessed, pertaining to the matter of decedent's gift by his last will and testament. The decedent's treatment of the land at Rye as an asset was entirely as an individual matter.

Since the decedent's death, in November, 1929, the said corporation has become consolidated with another corporation, also owned solely by the decedent, and proceedings were brought to bring about its corporate liquidation. The assets of the corporation, consisting of certain bond and mortgages and the Rye real estate, have been transferred to the executors of the estate. The assets of the corporation are sufficient to meet all the claims of the creditors of said companies. The decedent left ample personal property to pay any debts and claims against said decedent, as well as to make payment of all legacies bequeathed in the will without recourse to this real estate.

I hold that paragraph 5 of decedent's will created a valid devise of said real property and that such paragraph is valid and effective to pass the equitable title of the testator in such real property to said devisee. The executors of said will are directed to execute and deliver to said devisee a proper deed conveying the legal title to said property, subject to any liens or incumbrances thereon, and subject to the fixing of proper State, estate or Federal transfer taxes to be levied against said devise.

Submit decree upon notice to all parties appearing.