15295

QUICK v. OWENS

(15 S. E. (2d), 837)

34

38

44

*Mr. George K. Laney,* of Chesterfield, *Mr. J. J. Evans* and *Mr. J. K. Owens,* both of Bennettsville, for appellant,

*Messrs. Tyson & Miller* and *Messrs. Stevenson & Lindsay,* all of Bennettsville, for respondent,

July 16, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE : ·

The main question presented by the appeal in this case arises in construing the will of Ebbie Quick, deceased, or rather that clause which relates to the bequest of the personal estate of the testator : "And I also will to my said two daughters, Florence and Pruella all of the household furniture and fixtures and other personal property on the premises."

The defendant executor, who occupies the same position in this litigation as would be occupied by the daughters, Florence and Pruella, if they were living, claims that the words, "All of the household furniture and fixtures and other personal property on the premises,—" are operative to pass to him the sum of $8,642.20 in cash which was discovered in an old trunk in the house or "home place" of the testator when he died. By a previous item of the will this home place was devised to the two daughters, Florence and Pruella.

It is the contention of the plaintiff that the words "other personal property on the premises," following as they do the designation of household furniture and fixtures as subjects of bequest to the two daughters, restrict the general terms to personalty *ejusdcm generis* with the specified subjects of bequest. And he claims that the money passes under the residuary clause.

In giving construction to the clause in question, we must consider all of the words contained in it, and also its relation to other portions of the will, in order to ascertain if possible the testator's real intention.

It is true that the words "personal property" have a broad enough signification to include money, that is, silver and bank bills, such as was found in the trunk; but in this case, if it had been the intention of the testator to bequeath to the daughters so large an amount of money conditioned upon its being found upon the premises, we think it is hardly reasonable to suppose that he would have employed so general and inapt a term as "personal property," for that purpose, when he obviously might have made the bequest in unmistakable language. Had he intended to give to his daughters all of the money "on the premises," or any part of it; it is fairly presumable that he would have plainly said so. It is not a reasonable supposition that the testator would have left to such general and indefinite language the disposition of his cash estate, which

the record shows represented more in value than all the remainder of his real and personal estate.

Again, we must consider all of the language of the clause in question,—the words, "all of the household furniture and fixtures," as well as "and other personal property on the premises"; and determine if we can what relation the respective words bear to each other,—whether the latter clause is restricted in meaning by the former, so as to bring into operation the rule of *ejusdem generis*.

In ascertaining the intention of a testator the rule ■ is that where certain things are enumerated, and a more general description is coupled with the enumeration, that description is commonly understood to cover only things of a like kind with those enumerated. This is because it is presumed that the testator had only things of that kind in mind. So where the term "personal property" is used in a will, coupled with an enumeration of specific things, it has been held that money is not included under the general term.

Thus, in *Dole v. Johnson,* Mass., 3 Allen, 364, the testator bequeathed to his widow all his household furniture, wearing apparel, and all the rest and residue of his personal property. In construing the clause the Court said : "We think the meaning of the whole will is made most consistent by restricting the word 'property' to chattels *ejusdem generis* with those enumerated. By this construction, the widow will take absolutely the household furniture, wearing apparel, and other chattels in and about the house of the testator, adapted to personal use and convenience—such as books, pictures, provisions, watches, plate, carriages, domestic animals and the like; but not including money, stocks, securities or evidences of debt."

In *Peaslee v. Fletcher's Estate,* 60 Vt., 188, 14 A., 1, 3, 6 Am. St. Rep., 103, the bequest was: "I give to my uncle, George L. Peaslee, of Auburn, Me., my home place on Prospect street, in said Burlington, with my household furniture, and all my personal goods and chattels on said premises at the time of my decease."

The will contained a residuary clause. After the bequest to her uncle, the testator gave all the rest of her estate, except two small legacies, to the Mary Fletcher Hospital. The Court said: "Upon these well-recognized rules of construction [*ejusdem generis*], we hold that the words 'goods and chattels,' in the connection in which they are found, should be construed as having only a restricted and limited signification, and as not including said Manwell notes and cash on hand; that they are further restricted in their meaning by the word 'personal,' which indicates, when considered in its relations to the words 'household furniture,' that the testatrix intended by the words in question to bequeath only other articles of the same kind, belonging to the house,— 'savoring of the locality,'—adapted and pertaining to her personal use."

In *Benton v. Benton,* 63 N. H., 289, 56 Am. Rep., 512, the bequest was in this language: "I * * * give * * * my * * * wife * * * every article of household furniture * * * books [etc.] and every other article of personal property in and about said homestead, or wherever found belonging to my estate"; and under it the widow and the residuary legatees both claimed the bank shares, notes and cash on hand. The Court held that the words, "every other article of personal property," were limited to the same class of things as those enumerated, and did not include the bank stock, notes and cash claimed by the widow.

A similar holding was made in *Johnson v. Goss,* 128 Mass., 433. And see Annotations, Ann. Cas., 1913-D, 857; 80 A. L. R., 941; 120 A. L. R., 1211.

We have not here undertaken to give a review of all the facts and circumstances appearing in this case. They are very fully stated in the able decree of the Circuit Judge, which will be reported. We have merely sought to add a few additional authorities on the issue under discussion, which in our opinion strongly support the conclusions reached by the Circuit Court.

Were there no residuary clause in this will, the clause ▪ in question might and probably would be construed to pass this money to the defendant, for the reason that Courts are always disposed to give the broadest meaning practicable to the words of a bequest when it is necessary to do so in order to prevent intestacy. The same thing is true when words of a general signification are found in the residuary clause itself, and for the same reason. Jarmon (Wills), in commenting upon cases which indicate the disposition of Judges of the present day to adhere to the rule which gives to words of a comprehensive import their full extent of operation, remarks, however, "that in all the preceding cases there was no other bequest capable of operating on the general residue of the testator's personal estate, if the clause in question did not. Where there is such a bequest it supplies an argument of no inconsiderable weight in favor of the restricted construction."

In the view we have taken of this case the money passes under the residuary clause of the will, which is set forth in the Circuit decree.

This Court is satisfied with the conclusions of his Honor, Judge M. M. Mann, on Circuit, and the reasoning on which they rest; the Circuit decree appealed from is affirmed and adopted as the judgment of this Court. Let it be reported.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.