In the Matter of the Accounting of JOHN H. DOMINICK et al., as Executors of GEORGE S. MINNISS, Deceased.

Surrogate's Court, Erie County, October 4, 1951.

*John H. Dominick,* in person, for executors.

*Norman A. Stiller,* special guardian.

BUSCAGLIA, S. In their petition for judicial settlement of their final accounts the executors herein requested a construction of certain paragraphs of the last will of the decedent. The paragraphs in question read as follows:

" Fifth: That all of my furniture, pictures, books, clothing and other personal effects go to my daughter, Mrs. B. Clark Loveridge for such disposal as she may elect.

"Seventh: That all the rest and residue of my estate, both real and personal, is bequeathed to Mrs. Mary E. Gregory, 258 Norwalk Ave., Buffalo, such bequest to include any automobile of which I may be possessed."

Specifically, the executors desire to know which, if any, of the following property of the decedent was intended to be bequeathed as "personal effects" under paragraph fifth of the will: stock, bonds, cash, a coin collection, firearms and a draftsman's drawing set.

There are numerous cases determining what individual testators meant by their use of the words "personal effects". It can be said that the term has no settled technical meaning. A definition which appeals to the court is that given in *Matter of Maurer* (192 Misc. 627, 628) where the Surrogate states: "It [personal effects] is sometimes construed as embracing only tangible property having an intimate relation to the person".

As in all construction cases, the inquiry ultimately resolves itself into: What was the testator's intent? In determining what a testator meant by the use of the words "personal effects" the courts consistently have applied the rule of *ejusdem generis*; e.g., *Matter of Thompson* (218 App. Div. 130, affd. 245 N. Y. 565), and *Matter of Steimes* (150 Misc. 279).

Under this rule the use of the term is limited to the particular types of property which are specifically mentioned in the same text. Thus, where a will states, "all my household furniture, furnishings and effects, jewelry and all personal effects and belongings", the court held that this did not include stock or bank accounts. (*Matter of Gabler,* 140 Misc. 581.)

Where the will read "household furniture, bedding, linens, wearing apparel, and all my personal effects", it was held that this bequest did not include two valuable rings. (*Matter of Steimes, supra.*)

There are countless other cases to the same effect, applying, as I think we should, the rule of *ejusdem generis* to the provisions in question.

It is the decision of the court that the testator meant to include as his personal effects only those articles of personalty which he held as a source of personal comfort and enjoyment. He meant to include his coin collection and his firearms and did not mean to include any stock, bonds, cash or any other type property which has been brought to our attention.

A decree may enter accordingly.