In the Matter of the Accounting of STANLEY DIEFENDORF, as
   Surviving Executor of MAY S. TYLER, Deceased.

Surrogate's Court, New York County, December 31, 1954.

*Tyson & Tyson* for surviving executor, petitioner.

*Robert L. Klein* for Marjorie D. Ruggles, respondent.

COLLINS, S.   Objections to the executor's account raise a single
question, which involves a construction of the fifth paragraph
of the will.   That paragraph bequeaths nine particularly
described pieces of jewelry to eight persons, gives all flat silver
and table silver to objectant and all '' toilet silver '' to another
cousin.   It concludes with the words which the court is asked to
construe: '' I give and bequeath   *   *   *   household furniture
and   personal   clothing   and   effects   to   Marjorie   Diefendorf

Ruggles." Mrs. Ruggles contends that the quoted words encompass a gift of cash aggregating $3,219, which was found in the home of the testatrix.

The will contains other gifts, which are material here only to the extent that they may tend to expand or restrict the meaning of the word "effects." The second paragraph creates a cemetery trust of $1,000 and paragraph third bequeaths $1,000 each to four charities. A specific bequest of bonds is contained in the next paragraph. The residuary estate is disposed of in the sixth paragraph of the will, in equal shares, to the aunts and the cousins of the testatrix who shall be living at her death. Objectant is one of the residuary legatees. The assets owned by the testatrix had a value of nearly $90,000.

The objectant offered extrinsic evidence in support of her interpretation of the will. It appears that after the death of the testatrix, objectant started a search for her will. It was not found immediately, but a hasty search of the desk and bureau drawers disclosed cash totaling $50, scattered among articles of clothing and papers. In continuing the search for the will, objectant removed several suitcases filled with papers and clothing, and in examining the articles, she found a large number of bills of various denomination, which, together with the $50 found on the first day, aggregated $3,163. This sum was found rolled in handkerchiefs or clothing, hidden in handkerchief boxes and stocking boxes, tucked in among various papers, in plain envelopes stored in writing paper boxes or placed among sheets of the unused writing paper.

Objectant turned over $3,163 to the executors. In addition, she delivered a quantity of papers to them and in an envelope containing an unpaid bill, the executors found $6 in cash. Objectant claims the entire sum of $3,169 as part of her legacy. The surviving executor lists this cash in his account as part of the general estate. Objectant still holds the further sum of $50 which was found in a money belt on the body of the testatrix, and which was not turned over to the executors. Her claim thus extends to $3,219 although her objections specify only the amount held by the surviving executor.

The word "effects" may sometimes be broad enough to encompass all of a testator's property, both real and personal. (*Matter of Romeas,* 200 Misc. 200; *Matter of Steimes,* 150 Misc. 279, 280; *Matter of Winburn,* 139 Misc. 5, 10.) "Personal effects" is a term that may have a somewhat more limited meaning, often embracing only tangible personal property having an intimate relation to the person. (*Matter of Maurer,* 192

Misc. 627.) Either term, however, may be enlarged or restricted by its context and may vary in meaning from an all-embracing term to one very restricted in scope. (*Matter of Maurer, supra*; *Matter of Michaelson,* 194 Misc. 525; *Matter of Ruth,* 206 Misc. 423, 429.)

In the will of this testatrix, the term " effects " is not broad enough to include all money owned by the testatrix. It is not necessary to discuss the factors which forbid such a broad interpretation, because even objectant does not construe her gift as so all encompassing. The account shows that the decedent had almost $12,000 in cash in her safe-deposit box, over $9,000 in a checking account and more than $20,000 in savings bank accounts, none of which is claimed by objectant as part of her legacy. Nor can the term be fairly construed to include all personal property in the home of the decedent. Some of the jewelry found by the objectant in a bureau drawer was specifically bequeathed to others. All silverware was specifically bequeathed. The objectant makes no effort to claim such specifically bequeathed property as part of the " personal  *  *  * effects." Moreover, by its terms the legacy is not limited to such " personal clothing and effects " as are located in the apartment. Personal clothing and effects, wherever located, are plainly within the terms of the gift. There is no more justification for stretching the terms of the gift to include everything located in the apartment than there is for restricting it to only effects therein found. In this connection, it is significant that in bequeathing the personal effects, the testatrix did not use such words as her " other " personal effects, or effects " not hereinbefore bequeathed ", or all " remaining " effects. Had she intended to include in that gift everything physically located in her home, she would have used some expression to exclude articles given to others.

Objectant's argument must rest upon the premise that a gift of personal clothing and effects must include whatever is found among articles of that kind. Such an interpretation could lead to strange consequences. A gift of clothing might include not only cash but the key to a safe-deposit box and all that is contained therein. A gift of personal papers, valueless in themselves, might include bankbooks and moneys deposited in such accounts. If the gift of a handkerchief would include any money rolled in it, it is difficult to mark the point at which the legacy of personal effects will no longer draw to itself all of the assets of the estate. Nothing in either the language of this will or the background facts would justify the implication of an

intent to give objectant all money found in the apartment. It seems to the court that the term " personal clothing and effects " was intended to include only tangible personal property having an intimate relation to the person of the testatrix.

The fact that the executors, with the acquiescence of the other legatees, may have given the will a liberal interpretation in the distribution of some items of jewelry, is no reason why they must continue to expand the interpretation when other items are brought into question.

The court further holds that the $50 in cash still held by objectant is not part of her specific legacy and her receipt of that sum shall be taken into account in the distribution of the residue. Her objections to the account are overruled.

The compensation of the attorneys for the petitioner has been fixed.

The application to reserve $1,500 for contingent tax liabilities is granted.

Submit decree on notice, construing the will and settling the account accordingly.