Joseph W. Cribe, S.
Petitioner executor in this proceeding requests a construction of certain paragraphs of the last will of decedent. The paragraph in question reads as follows: “ Second: I give and bequeath to Mary Biker, of Ontario, Wayne County, New York, all of my personal effects, which may be left in my room at the time of my death, except those hereinafter specifically bequeathed.”
The residuary clause directs the executor to convert the residue into cash and to divide the same into three equal parts, one of which is given to the First Methodist Church of Canandaigua, New York, one to John Biker and Mary Biker (the said Mary Biker being one and the same person as the Mary Biker named in paragraph Second above set forth), and one to Mr. and Mrs. Harry Kennedy. Prior to the residuary clause, cash bequests of $500 each are given to said First Methodist Church, to said John and Mary Biker and to said Mr. and Mrs. Harry Kennedy.
Since paragraph Second here under surveillance gives “ all of my personal effects * * * except those hereinafter specifically bequeathed ”, it is to be noted that specific legacies are also made in other paragraphs of the will to other persons *756 of “ my Baby Ben alarm clock “ my watch and two chains ”, and the family Bible and small pictures ’
Decedent died May 9,1956. -Her will was dated February 18,' 1953, and was duly admitted to probate on the 30th day of July, 1956. Decedent was an elderly lady and had boarded in various homes for several years prior to her death. At the time of her death she occupied one room at the home of Mrs. Esther Schmutz on Chapel Street, Canandaigua, New York. Evidence introduced reveals that at the time of her death the executor found in her room a tin box containing $1,300 of United States Savings Bonds in the name of the deceased. It is the contention of Mary Biker that these bonds should be hers by virtue of paragraph Second of the will, whereas the other two residuary legatees contend that they do not pass under said clause of the will but should become a part of the residuary estate. The evidence further reveals that for some period of time deceased kept bonds in a Geneva bank and subsequently in a safe-deposit box at the Canandaigua National Bank and Trust Company in Canandaigua, New York. On March 25, 1953, which was a few weeks subsequent to the execution of the will in question, the decedent surrendered the safe-deposit box at said Canandaigua National Bank and Trust Company.
In his brief the attorney for Mary Biker calls attention to subdivision 12 of section 314 of the Surrogate’s Court Act and section 39 of the General Construction Law; both of these sections refer to personal “ property ”. Decedent’s will does not use the term personal property but rather the term personal “ effects ”.
Thus, as in all construction cases, our ultimate inquiry must be; What was the testator’s intent! What did she intend by the use of the words “personal effects”! Courts have consistently applied the rule of ejusdem generis in similar situations. Under this rule the use of the term is limited to the particular types of property which are specifically mentioned in the same text — usually preceding the words personal effects. (Matter of Minniss, 200 Misc. 353, 354.) The attorney for Mary Biker feels that the ejusdem generis rule should not apply here and that personal effects can mean anything without such application of the rule. It is true that the words personal effects are not preceded in the instant ease by any list of specifically enumerated types of property, but it is to be noted that the will gives all of my personal -effects, which may be left in my room at the time of my death, except those hereinafter specifically bequeathed ”. (Italics supplied.) The will thereafter does specifically bequeath certain specific items of personal *757 property, as set forth above. It seems to me the draftsman attained the same effect as he would have had he stated: “ except for my Baby Ben alarm clock which I give to A, my watch and two chains which I give to B, my family Bible and small pictures which I give to C, I give all my personal effects to Mary Hiker Had the will been drafted in this manner the use of the ejusdem generis rule would obviously have applied.
Applying this rule in the instant case, it is the decision of the court that the decedent meant to include as her personal effects only those articles of personalty which she held about her in her room as a source of personal comfort and enjoyment —that is, only the properties having an intimate relation to testator’s person. (Matter of Ruth, 206 Misc. 423, 429; Matter of Tyler, 207 Misc. 569.) She had by another clause in the will left a cash legacy to Mary Biker as well as given her one third of the entire residue; had she desired her to have more cash or the bonds she could easily have increased the cash legacy or specifically bequeathed her the bonds.
An interesting case in point is that of Matter of Nicholson (67 N. Y. S. 2d 428, 429.) That case involved construction of a bequest to testator’s brother of “ all my personal property in my home ”. Certain stocks and bonds were found in a folder in a bureau drawer situate in testator’s home. The brother claimed the stocks and bonds, but the court ruled against him and held that they should not pass under the bequest. The brother in that case was in an even stronger position than Mary Biker in the instant case, as there was absolutely no question of the ejusdem generis rule applying there and as the legacy used the term personal property instead of personal effects. Even in the absence of the limiting or restrictive application of the ejusdem generis rule in that case and even in view of the fact that the bequest included all personal “ property ” the court denied the brother’s claim to the stocks and bonds stating that the will as a whole should be considered and given effect and that to hold otherwise might deny the validity of the residuary clause of the will.
In the case at hand the will contains a, residuary clause thereby obviating the necessity to so read prior clauses as to avoid intestacy. This fact has been considered an important factor in similar prior decisions. Where there is a residuary clause the whole will must be read as one instrument and such a construction is not to be given a preceding clause as to frustrate the intention of the testator to give the residue to a different beneficiary. (Matter of Steimes, 150 Misc. 279.)
*758 Testator did not, in my judgment, intend to include a gift of the United States Savings Bonds in the sum of $1,300 by the terms of paragraph Second of her will.
A decree may be entered accordingly.