73 N.J. Super. 163 (1962)
179 A.2d 185
IN THE MATTER OF THE ESTATE OF STANISLAWA BIBINSKI, DECEASED.
Superior Court of New Jersey, Camden County Court, Probate Division.
Decided March 8, 1962.
*164 Mr. Samuel L. Supnick, attorney for exceptant
Mr. Walter A. Uliase, attorney for plaintiff.
MARTINO, J.C.C.
The executrix on notice to all the parties in interest has filed a final account. The residuary beneficiary filed an exception to the account. An inspection of the account itself reveals no basis for an exception, but what exceptant really seeks is a construction of the terms of the will. Although no question has been raised by the accountant as to the jurisdiction of this court to construe *165 the will, there does appear to be authority in this court to exercise equitable jurisdiction to complete the determination of all the controversies between the parties in order that it may direct distribution of the testatrix's net personal estate in accordance with the terms of the will. Easton v. Goodwin, 119 N.J. Eq. 114 (Ch. 1935); In re Fisher, 7 N.J. Misc. 1075, 148 A. 193 (Orph. 1929). See 7 N.J. Practice, Clapp, Wills & Administration (3d ed. 1950), § 1739, pp. 481-483.
At the time of hearing the facts for adjudication were stipulated. It was agreed by all the parties concerned that following testatrix's death there was found located in a footlocker in testatrix's bedroom the sum of $2,470 in cash in an envelope which contained certain other documents, the title to which documents is not in dispute. The account as filed indicated to the exceptant that the cash referred to was to be paid to a niece under a provision of the will hereinafter set forth. A sister of the testatrix, who was named as the residuary beneficiary, filed exceptions to this account because she felt that the cash located within said footlocker should be a part of the residuary estate, and therefore payable to her.
The provisions of the will which require construction are as follows:

"FOURTH

I give and devise my property 1235 Lansdowne Avenue, Camden, New Jersey to my niece. Kazimiera Wright, together with all my household chattels and contents therein, forever, provided that she pays out of her own funds or by mortgaging the property the sum of $500.00 to my niece, Sophia Kolasa and $300.00 to my niece Wanda Puchala.

FIFTH
I give, devise and bequeath all of the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever situate, whereof I may die seized or possessed to my sister, Jadwiga Dzienis." (Emphasis added)
The testatrix's intention governs the construction to be put upon her will. To be of effect, that intention *166 must be drawn from the word of the will, suffering one part of the instrument to light up and reflect upon the meaning of every other part. See 5 N.J. Practice, op. cit., § 196, pp. 293-295. The will itself must furnish the basis for construction. If there be any doubt unresolved by the will and the provisions, the court will ascribe to the testator those impulses which are common to human nature and will construct the will so as to effectuate those impulses. In re Pistor, 53 N.J. Super. 139, 147 (App. Div. 1958), affirmed on opinion 30 N.J. 589 (1959). A will speaks the testamentary intention as of the time of its execution. Watson v. Brower, 24 N.J. 210, 217 (1957). One must stand with the testator at that time to get her point of view. The will in this case was executed on September 20, 1949, and the testatrix died on February 18, 1961. The court should endeavor to put itself in the testatrix's position insofar as possible, in the effort to accomplish what she would have done had she "envisioned the present inquiry." Bank of New York v. Black, 26 N.J. 276, 287 (1958).
If the court was to assume that the cash which is the subject of this inquiry was existing at the time the will was executed, it is hard to believe that the testatrix would call upon the beneficiary named in the Fourth provision of the will to pay out of her own funds or mortgage the real estate which she sought to pass to that beneficiary in order that two legatees named therein should receive bequests totaling $800. If this court were to assume that the cash was accumulated after the execution of the will, what construction should be given to the expression "all my household chattels and contents therein"? Did the testatrix mean that the cash found in the footlocker should be included with the real estate devised by the Fourth provision? Research fails to locate any reported decision in this State which construes a similar provision under similar circumstances. A court must not be concerned with what the testatrix meant to say, but is expected to determine what the testatrix meant by what she did say, e.g., a provision *167 in a will which bequeathed "cash in my bank account" did not include $24,000 in cash located in a bank safe deposit box. In re Schmidt, 46 N.J. Super. 369, 381 (App. Div. 1957).
A will devising a "house and lot together with contents" and providing for disposition of remainder of property pursuant to a residuary clause, did not include securities in a metal safe which was in the house at testator's death. Cole v. Cole, 229 N.C. 757, 51 S.E.2d 491, 6 A.L.R.2d 1335 (Sup. Ct. 1949).
Although the doctrine of ejusdem generis should be subordinated to the cardinal principle that a will is to be construed according to the intent of the testator as the same is gathered from the document as a whole, it is sometimes of value as an aid to the discovery of intent. This rule states that where certain things are enumerated  in this case "household chattels"  and a more general description is coupled with that enumeration  in this case by the words "and contents therein"  the latter term is commonly understood to cover only things of a like kind with those enumerated. This is because it is presumed that the testatrix had only things of that kind in mind. So where the term "and contents therein" is used in a will, coupled with an enumerated specific thing, it has been held that money is not included under the general term. See Quick v. Owens, 198 S.C. 29, 15 S.E.2d 837, 137 A.L.R. 201 (Sup. Ct. 1941); also see Ludwig v. Bungart, 33 Misc. 177, 67 N.Y.S. 177 (Sup. Ct. N.Y. 1900).
It is, therefore, concluded that the cash referred to herein shall be distributed according to the residuary clause of decedent's last will and testament.