WHITE, Judge.
Gladys M. Bird, petitioner below and a legatee under the will of Phyllis Horne, seeks reversal of an order which construed the decedent’s will contrary to the prayer of her petition and in favor of the respondent coexecutors who are the appellees here.
The case concerns the dispositive content of the will which by numbered paragraphs or articles specifically bequeaths certain tangible personal property, provides for seven cash bequests, disposes of certain real property, and directs the apportionment under a general residuary clause of all the residue of the estate of every kind and description to seven named persons, six of whom are given 15% and one 10%. The appellant petitioner is one of the seven residuary legatees and is also a specific legatee. The estate includes intangible personal property, but the will does not in terms refer to intangible personal property nor does it specially describe any item or items of intangible personalty such as stocks or bonds.
In the category of. specific bequests of tangible personalty is the bequest of a tape recorder and equipment and the bequest of an automobile, and by paragraph or article 4 — which evoked the present litigation — the will provides:
“I give, bequeath and devise unto my sister, GLADYS M. BIRD, my diamond ring and any other personal property which I may own and which has not been otherwise specifically disposed of by this my will.” . (emphasis supplied)
As previously noted, the several bequests do not identify by special description any personal property other than tangible personalty. There is no reference in the will to particular stocks, bonds or other intangibles, but the appellant submits that the .intangible properties are bequeathed to her by the words “and any other personal property * * * ” immediately following the specific bequest of the diamond ring.
The general residuary clause of the will provides:
“All the rest, residue and remainder of my estate of every kind, nature and description and wheresoever the same may be situated, I give * * * ”
to the seven named persons according to the specified percentages. Upon learning that the executors intended to distribute the intangible personalty under this residuary clause and not under article 4 first above quoted, the appellant petitioned for construction and posed the question of whether the language “and any other personal property which I may own * * as used in conjunction with the bequest of the diamond ring, was intended to encompass the testatrix’ intangible personal property or whether the testatrix intended that *16 such property should pass as part of her residuary estate. The probate court held that by article 4 of the will the testatrix intended to bequeath to. Gladys M. Bird only thing's constituting tangible personal property, to-wit:
“ * * * her diamond ring and any and all of her personal or household effects, articles of adornment or tangible chattels * * * and did not intend to include therein the various species of intangible property such as mortgages, notes, bank accounts, insurance proceeds, savings accounts, cash, or shares of stock, these items being bequeathed according to the residuary clause * * (emphasis supplied)
The appellant contends that the foregoing holding is erroneous, that the will is unambiguous and clearly of a contrary import, and that the probate court misapplied the rule of ejusdem generis in determining testamentary intent. We find no basis for reversal.
“Personal property” is a term which may be descriptive of a general species or class of property, or it may refer to a particular division or category within the general class. Ward v. Curry’s Ex’r, 1944, 297 Ky. 420, 180 S.W.2d 305. Depending upon the context in which it is used, the generic term “personal property” may be susceptible of a meaning more restrictive than its broad signification. 137 A.L.R. 213, 162 A.L.R. 1134 and cases there digested. The appellant here naturally advocates the broadly inclusive meaning of “other personal property” as the only permissible interpretation of those words as used in article 4 of the will. We disagree while granting that appellant’s position would not be so vulnerable, to say the least, if the testatrix had coupled less general language with the specification of the diamond ring.
On the precise point as to whether or not the rule of ejusdem generis is applicable in these or parallel circumstances, this appears to be a rather novel case in the annals of Florida appellate reports; but there are closely pertinent cases from other jurisdictions and the text books amply reflect the nature, scope and limitations of the rule. There is common agreement that where particular things are enumerated in a will and a more general description is coupled with such enumeration, the general description is presumptively limited to things ejusdem generis, that is, of a kind like unto those particularly enumerated. 72 A.L.R.2d 1170, 1173; 128 A.L.R. 823; 57 Am.Jur. Wills, § 1130; 96 C.J.S. Wills § 748b; 28 R.C.L. § 186; 35 Fla.Jur. Wills, § 262. The presumption, however, does not arise where the will does not contain a residuary clause and where partial intestacy would result, since there is a greater presumption against partial intestacy. This has been recognized in Florida. Koerner v. Borck, Fla.1958, 100 So.2d 398; 72 A.L.R.2d 1174 and cases therein cited. The rule, of course, does not apply where it appears from the entire will that the testator has manifested a clearly contrary intent. In re Kordes’ Will, 1948, 192 Misc. 626, 82 N.Y.S.2d 499.
The rule of ejusdem generis, as a rule of presumption[1] and as viewed by the United States Supreme Court, is the subject of an annotation in 94 L.Ed. 464 which reads in pertinent part:
“ * '* * ‘where certain things are enumerated, and a more general description is coupled with the enumeration, that description is commonly understood to cover only things ejusdem generis with the particular things mentioned * * * because it is pre *17 sumed the testator had only things of that class in mind; but this rule of construction rests on a mere presumption, easily rebutted by anything that . shows the larger subject was in fact in the testator’s view,’ * *
See Given v. Hilton, 1877, 95 U.S. 591, 24 L.Ed. 458. It has also been denominated a rule of interpretation. Penman v. St. Paul Fire & Marine Ins. Co., 1910, 216 U.S. 311, 30 S.Ct. 312, 54 L.Ed. 493.
 Article 4 of the present will bequeaths the diamond ring, an item of tangible personal property, and any other personal property not otherwise disposed of by the will, to the appellant petitioner. Where “personal property” is preceded by the word “other,” application of the principle of ejusdem generis is favored if, as here, the will contains a residuary clause. In re Horner’s Will, 1948, Sur., 82 N.Y.S.2d 491. See also In re Reynolds, N.Y.1891, 124 N.Y. 388, 26 N.E. 954, discussing early English cases. Recognizing exceptions, the Reynolds decision notes that general words following specific enumeration will not be limited to things ejusdem generis in the following situations: (1) where the general words occur in a general bequest of the entire estate; (2) where the words occur in the residuary clause; (3) where the will contains no residuary clause and application of the rule would cause a portion of the estate to pass intestate. The court continued :
“ * * * With the exceptions thus noted, it seems to be a settled rule of construction that when certain things named are followed by a phrase which need not, hut might be, construed to include other things, it will be confined to articles of the same general character as those enumerated. Johnson v. Goss, 128 Mass. [433,] 434; Dole v. Johnson, 3 Allen, 364; Sparks’ Appeal, 89 Pa. 148 * * * In Jarman on Wills, 760, after considering various English decisions in which it was held that general words would not be limited to things ejusdem generis, the author said: ‘It is to be observed, however, that in all the preceding cases there was no other bequest capable of operating on the general residue of the testator’s, personal estate, if the clause in question did not. Where there is such a bequest, it supplied an argument of no inconsiderable weight in favor of the restricted construction which is there recommended by the anxiety always felt to give to a will such a construction as will render every part of it sensible, consistent, and effective.’ ” (emphasis added)
The words “personal effects” or “personal property” when used in a will have no fixed meaning and there “is always a question of the intention of the testator so ascertained from the particular setting in which the phrase appears and the general tenor of the will.” In re Kordes’ Will, supra, and cases therein cited; In re Chadwick’s Estate, 1956, 247 Iowa 1050, 78 N.W.2d 31, 33; Bryant v. Bryant, 129 Me. 251, 151 A. 429; 57 Am. Jur. Wills, § 1339, (Personal Property), § 1130 (Ejusdem Generis Rule.) Although the term “personal property” is sufficiently broad in its technical sense to include all forms of property other than interests in land, “in the majority of cases” the courts view the intention of the testator as carrying a restricted meaning not including various species of intangible personalty. 57 Am.Jur. Wills, § 1339. We now advert to some of these cases.
In Obetz v. Boatman’s National Bank of St. Louis, Mo, 1950, 234 S.W.2d 618, the will of the testatrix contained language very similar to the language used in the instant will:
“Eight: I will and bequeath all of my clothing, jewelry and personal property not otherwise disposed of herein, remaining at the time of my death to * * *»
The will contained a residuary clause but there was no specific provision for the in *18 tangibles valued at slightly less than $300,-000.00. Affirming a ruling that the intangibles passed under the residuary clause rather than under paragraph eight, the Supreme Court of Missouri stressed the paramount duty to give effect to the testatrix' true intent and held that ambiguity of the language permitted the court to ascertain such intent by putting itself into the testatrix’ position and viewing the situation from her standpoint. In so doing and recognizing that the nature of the estate was a factor to be considered, the court rejected appellant’s contentions (1) that the will was not ambiguous; (2) that the rule of ejusdem generis did not apply; and (3) that the words “personal property” should have been applied in the technical sense. Said the court:
“This rule of construction we are discussing is succinctly stated in Vol. 2, Page on Wills, Sec. 922, page 831: ‘As a particular application of this general principle, if two constructions are possible to a clause of a will, one of which is in harmony with the provisions of the rest of the will, and the other of which is at variance with them, the court will assume that the correct construction is the one which will harmonize this clause with the rest of the will.’
***** *
“It seems to be argued by appellant that the principle reason for inserting a residuary clause in a will is to dispose of some property of testatrix that might have been overlooked, or some legacy that might have lapsed and not thereafter been covered by some other provision of the will, or some property that came into existence after the will was executed and could not, at the time of its execution, be otherwise disposed of. We do not agree with this reasoning. A residuary clause is not a catch-all, in which is cast worthless, non-existent or unwanted things to clean up, as it were, the debris of an estate. As all lawyers know, in many wills, the bulk of an estate passes by virtue of the residuum clause instead of by specific bequests.”
The Court further reasoned that:
“ * * * by insertion of the residuum clause, the term personal property was used in its limited and restricted sense, was so understood by testatrix and her scrivener, and not in the broad and general acceptation of the term, which would include everything except real estate, [citing cases]
4» *4» «I*
“It is clear to us that testatrix did not intend to dispose of bonds, stocks and cash by using the words ‘personal property’ in Paragraph 8 of her will but only those items that were personal to herself, such as those subject to personal use, comfort and adornment. In re Kruger’s Estate, 55 Cal.App.2d 619, 131 P.2d 619.
“It is argued by appellant that the rule of ejusdem generis does not apply. That the words ‘jewelry’ and ‘clothing1 are general words, each including the whole, an independent class and genus. Each might be construed to include the whole class when used under certain circumstances. But that is not the case here. Neither exhausts the class of ‘personal property’, or ‘personal effects’ or ‘articles of personal adornment’. If appellanfs contention is sound, there would have been no use in using the words ‘jewelry’ or ‘clothing’ at all as they are certainly included in the generic words 'personal property’ when used in their broadest sense. A genus may be a species with reference to a higher genus and a species may be a genus in relation to a lower species. Funk & Wagnall’s New Standard Dictionary. It depends largely upon the context of the instrument in which the word is used. Furthermore, this rule is cm aid to construction and not a positive rule of law and never overrules an intention that is clear. * * *
*19 jjc ^ sj;
“We think the decision of the learned chancellor was correct and that the words ‘personal property’ as used in Paragraph 8 of the will, viewed in the light of all of its other provisions, mean the effects of the testatrix, which are of a personal nature, subject to her personal use, comfort and adornment.” (emphasis added)
In Stender v. Stender, 1914, 181 Mich. 648, 148 N.W. 255, the estate included tangible and intangible personalty. The testator made several special bequests and then, in article 4 of his will, gave “all the rest and remaining of my personal property, including my cigar manufacturing business” to a brother. The will also contained a general residuary clause. The property passing to the brother was held limited to tangibles of the kind indicated in the special bequests. The intangible assets were held to pass under the general 'residuary clause.
In re Greene’s Will, 1948, Sur., 81 N.Y.S.2d 701, involved a codicil which bequeathed jewelry, “personal property of all kinds,” clothes and household effects. The general phrase was used in conjunction with specifications of personal effects. The court ruled that the clause in question did not pass cash and securities.
In re Minniss’ Will, 1951, 200 Misc. 353, 107 N.Y.S.2d 35, concerned a provision leaving the testator’s daughter all his furniture, pictures, books, clothing and other personal effects. Limiting “personal effects” to items useful for personal comfort and enjoyment, the court held that the provision was not intended to include stock, bonds and cash.
A bequest of “personal clothing and effects” following bequests of jewelry and silverware was held not to include cash and papers found in the clothing. In re Tyler’s Estate, 1954, 207 Misc. 569, 138 N.Y.S.2d 671. In restricting the bequests to tangible personalty ejusdem generis, the court found it not necessary to discuss the factors which prohibit the “broad interpretation.”
In re Megaffee’s Will, 1957, 6 Misc.2d 755, 163 N.Y.S.2d 747, has a fact pattern strikingly similar to the instant case. There the will gave to one Mary Riker “all of my personal effects * * * except those hereinafter specifically bequeathed,” and then provided bequests to other persons of an alarm clock, a watch and chain, a family Bible and some pictures. The will contained a general clause directing division of the residuary estate into three equal parts, one of which was to go to Mary Riker. After the testatrix died a tin box was found in her room containing valuable intangibles. The parties petitioned for construction and the surrogate stated:
“Thus, as in all construction cases, our ultimate inquiry must be: What was the testator’s intent: What did she intend by the use of the words ‘personal effects’ ? Courts have consistently applied the rule of Ejusdem Generis in similar situations. Under this rule the use of the term is limited to the particular types of property which are specifically mentioned in the same text — usually preceding the words personal effects. Matter of Minniss’ Will, 200 Misc. 353, at page 354, 107 N.Y.S.2d 35, at page 36. The attorney for Mary Riker feels that the Ejusdem Generis rule should not apply here and that personal effects can mean anything •without such application of the rule. It is true that the words personal effects are not preceded in the instant case by any list of specifically enumerated types of property, but it is to be noted that the will gives ‘all of my personal effects, which may be left in my room at the time of my death, Except Those Hereinafter Specifically Bequeathed1 * * * The will thereafter does specifically bequeath certain specific items of personal property, as set forth above. It seems to me the draftsman attained the same effect as he would have had *20 he stated: 'except for my Baby Ben alarm clock which I give to A, my watch and two chains which I give to B, my family Bible and small pictures which I give to C, I give all my personal effects to Mary Biker’. Had the will been drafted in this manner the use of the Ejusdem Generis rule would obviously have applied.
“Applying this rule in the instant case, it is the decision of the Court that the decedent meant to include as her personal effects only those articles of personalty which she held about her in her room as a source of personal comfort and enjoyment — that is, only the properties having an intimate relation to testator’s person. Matter of Ruth’s Estate, 206 Misc. 423, at page 429, 132 N.Y.S.2d 650, at page 655; Matter of Tyler’s Estate, 207 Misc. 569, 138 N.Y.S.2d 671. She had by another clause in the will left a cash legacy to Mary Riker as well as given her one-third of the entire residue; had she desired her to have more cash or the bonds she could easily have increased the cash legacy or specifically bequeathed her the bonds, (emphasis his)
******
“ * * * Where there is a residuary clause the whole will must be read as one instrument and such a construction is not to be given a preceding clause as to frustrate the intention of the testator to give the residue to a different beneficiary. Matter of Steimes’ Estate, 150 Misc. 279, 270 N.Y.S. 339.” (emphasis supplied)
Feighan v. Motto, Ohio Prob. 1955, 144 N.E.2d 510, concerned a will in which article II gave to a niece “all my personal property and household effects.” The testatrix made several pecuniary bequests and the residuary estate was directed to be distributed among several named organizations. The assets of the estate consisted of wearing apparel, household furnishings, cash, deposits, stocks and bonds and real estate. On the question of whether or not the words “personal property” comprehended the intangible property, the court held:
“ * * * that the testatrix intended by Item II to bequeath * * * only her tangible personal property consisting of wearing apparel and household goods and did not intend to include her personal property otherwise.”
In re Chadwick’s Estate, 1956, 247 Iowa 1050, 78 N.W.2d 31, concerned the following clause of a will:
“ ‘Fifth. Out of the assets of the aforesaid estate of either of us, when and as a residuary estate it may become the property of said Carl J. Spaeth under the limitations and provisions herein stated, Mrs. Harriett Brown, the sister of May G. Chadwick, the testatrix herein, shall have the privilege of taking and keeping any item of the personal property herein bequeathed, except one case of flat table silver, Chantilly pattern, which shall be the absolute property of Carl J. Spaeth. Any items of the personalty so selected by Mrs. Harriett Brown are for her personal use and must be selected by her * * *.’ ”
The personal estate included large amounts of cash, bonds, stock, life insurance, debentures, an automobile, jewelry and household goods. After the executor refused to deliver intangibles to Harriett Brown, she filed a petition to require the executor to distribute all the property that she selected. The lower court held that she was entitled to choose any and all items of tangible personalty only and not any cash, securities, or other intangible property. The Supreme Court of Iowa affirmed:
“Appellant Mrs. Brown contends the words, personal property, in the fifth paragraph of the will, include intangible as well as tangible personal property and that the court should have *21 so construed them. We hold this contention is not well founded.
“The purpose of construing' a will is to ascertain the intent of the testator. Such intent is to be gathered from the will as a whole, giving effect to each provision thereof, if reasonably possible, and thus avoiding any construction which would defeat the manifest purpose so expressed * * *
“Courts have frequently pointed out that the expression, ‘personal property’ is susceptible of more than one meaning. In its technical and broader meaning it includes everything which is the ■subject of ownership except lands and interests in lands. But, it is used, also, in a more limited and restricted sense, referred to as its ordinary or popular meaning, as including only goods and chattels, tangible things. 73 C.J.S. Property § 8 a, Personal Property; Bryant v. Bryant, 129 Me. 251, 151 A. 429. Hence, in construing wills, courts frequently have determined in what sense the expression, ‘personal property’ was employed. 57 Am.Jur. Wills, section 1339; 69 C.J., Wills, section 1431.” (emphasis added)
In Quick v. Owens, 198 S.C. 29, 15 S.E. 2d 837, 137 A.L.R. 201, the court in a comprehensive opinion held that a bequest of ■“household furniture and fixtures and other personal property” did not include money found in the testator’s house. After touching upon leading cases from Massachusetts, Vermont, New Hampshire, South Carolina, Kentucky and England, and other jurisdictions, the court quoted Gardner on Wills, p. 401 to the effect that the general term “other personal property” when coupled with specific things enumerated is affected by “the rule of universal application,” that is, the rule of ejusdem generis. See also annotations 137 A.L.R. 214; 162 A.L.R. 1135.
In the case at hand the probate court held the appellant entitled to all the tangible personal property not otherwise specifically bequeathed. It would not have been entirely implausible for the executors to argue that this construction was generous to the appellant since one species of tangible personal property is not necessarily ejusdem generis with other species of tangible personalty. See e. g. In re Horner’s Will, 1948, Sur., 82 N.Y.S.2d 491, in which jewelry in the testator’s home was held not ejusdem generis with the furniture; In re Lane’s Will, 1955, Sur., 143 N.Y.S.2d 203, holding automobiles not ejusdem generis with guns, jewelry or clothing. These observations by no means imply that the point would be valid in the circumstances of this case. We frankly think it would be untenable. In any event it was not raised and therefore does not confront us.
In contending that the will expresses a clear intent to bequeath to her the intangibles as well as other tangible personalty in addition to the diamond ring, the appellant has argued that the residuary clause cannot be used to create an ambiguity and that the probate court improperly invited extrinsic evidence. Testimony as to background and circumstances leading to the execution of the will was in fact adduced by the respective parties and received in evidence. In this, upon careful scrutiny, we find nothing legally prejudicial thorxgh we think the testimony was of no great probative value. In light of the authorities reviewed and on analysis of the language and structure of the will, including the important residuary clause as well as article 4, we are impelled to hold that the interpretive rule of ejusdem generis was applicable in this case.
The conclusion is that the probate court proceeded according to law and committed no reversible error in defining the disposi-tive intent of the testatrix.
Affirmed.
SMITH, C. J., and SHANNON, J., concur.

. “The ejusdem generis principle, as applied to the interpretation of wills, is subject to certain limitations. It is only a rule of presumption and must yield to tlie testator’s intention, as expressed in the whole instrument.” (emphasis added) 57 Am.Jur. Wills § 1130.